# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   06-CV-02450·BNB

_____
(To be supplied by the court)

DEAN ROSS DENTON REG. NO. 108801
_____, Plaintiff,

v.

1.)- JOE ORTEZ [Sic], Head of (D.O.C.),
_____,

2.) MAJOR LINDA MAYFIELD
_____,

3.)- ATTORNEY ANTHONY DECESARO
_____,

4.)- DR. CARY SHAMES
_____,

5.)- DR. ORVILLE NEUFELD
_____,

6.)- DR. MICHAEL AASEN
_____,

7.)- DR. MARCIANO BUTUSTA
_____,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 5 2007

GREGORY C. LANGHAM
CLERK

                    ADDITIONAL DEFENDANT"S.--
See (A)- PARTIES CONTINUED ----
_____, Defendant(s).

(List each named defendant on a separate line.)

_____

## PRISONER COMPLAINT

_____

(Rev. 9/02/04)



## (A) - PARTIES CONTINUED

**#1.)-** **"JOE ORTEZ"** -HEAD DIRECTOR OF THE DEPARTMENT OF CORRECTIONS: is a citizen of the State of Colorado, Whom can be contacted at or through the Department of Corrections, 2862 S. Circle Drive, Suite 400 Colorado Springs, Co. 80906, -And is Employed as Head Director of the (D.O.C.) Knowingly and Willfully in charge of all the prisons and these prisons Actions, Rules, Regulations, at the time[s] the Complaint[s] arose. The Defendant (#1.) was acting under the Color of State and Federal Law, Whom in his Official and Individual Capacity (If It Is True) Violated the Plaintiff's Constitutional Rights.

**#2.)-** **"LINDA MAYFIELD"** -FACILITY MAJOR FOR THE COLORADO TERRITORIAL CORRECTIONAL FACILITY, and (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the Colorado Territorial Correctional Facility, 285 E. Hwy 50 Canon City, Co. 81215, or (C.T.C.F.) P. O. Box 1010, Canon City, Co. 81215, (D.O.C. Headquarters) 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as "Major" of (C.T.C.F.) Correctional Facility, Knowingly and Willfully responsible for Facility Actions, Rules, and Regulations, at the Time[s] the Complaint[s] arose. The Defendant (#2.) was acting under the Color Of State and Federal Law, Whom in her Official and Individual Capacity (If It Is True) Violated the Plaintiff's Constitutional Rights.

**#3.)-** **ATTORNEY ANTHONY DECESARO"** -DEPARTMENT OF CORRECTIONS STEP THREE GRIEVANCE OFFICER, AND PAST INMATE ACCESS ATTORNEY: Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 140, Colorado Springs, Co. 80906, And is employed as Past Inmate Access Attorney and now the Step Three Grievance Officer responsible for investigating all matters of Grievances, Actions, Rules and Regulations at the time[s] the Complaint[s] arose. The Defendant (#3.) was acting Under the Color of State and Federal Law, Whom in his Official and Individual Capacity, (If It IS True) Violated the Plaintiff's Constitutional Rights.



## (A) - PARTIES CONTINUED

#4.)- "DR CARY SHAMES" -HEAD PHYSICIAN FOR (D.O.C.): Is a citizen of the State of Colorado, whom can be Reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as the Head Physician For (D.O.C.), With Knowingly and Willfully the Actions, Rules and Regulations at the time[s] the Complaint[s] arose. The Defendant (#4.) was acting under the Color of State and Federal Law, whom in his Individual Capacity, (If It Is True), violated the Plaintiff's Constitutional Rights.

#5.)- "ORVILLE NEUFELD" -ASSISTANT HEAD PHYSICIAN FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as the Assistant Head Physician for (D.O.C.), Acting Knowingly and Willfully to the Action, Rules and Regulations at the time[s] the complaint[s] arose. The Defendant (#5.) was acting under the Color of State and Federal Law, whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#6.)- "DR. MICHAEL AASEN" FACILITY DOCTOR FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Doctor for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules, and Regulations at the time[s[ the complaint[s] arose. The Defendant (#6.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

## (A) - PARTIES CONTINUED

#7.)- "Dr. Marciano Butusta" FACILITY DOCTOR FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Doctor for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules, and Regulations at the time[s] the Complaint[s] arose. The Defendant (#7.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#8.)- "Dr. Timothy Creany" FACILITY DOCTOR FOR (D.O.C.): Is a citizen of the State of Colorado , Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Doctor for (D.O.C.), Acting Knowingly and Willfully to the Action, Rules and Regulations, at the time[s] the complaint[s] arose. The Defendant (#8.) was acting under the Color of State and Federal Law, Whom in his Official Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#9.)- "Administrator Rene Martinez" HEAD FACILITY MEDICAL ADMINISTRATOR FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Head Facility Facility Admimistor for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules and Regulations at the time[s] the complaint[s] arose. The Defendant (#9.) was acting under the Color of State and Federal Law, Whom in her Official and Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.



## (A) - PARTIES CONTINUED

#10.)- **"ADMINISTRATOR SANDY HARRIS"** HEAD FACILITY MEDICAL ADMINISTRATOR FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Head Facility Medical Administrator for (D.O.C.) , Acting Knowingly and Willfully to the Actions, Rules, and Regulations at the time[s] the complaint[s] arose. The Defendant (#10.) was acting under the Color of State and Federal Law, Whom in her Official and Individual Capacity, (If It Is True), Violated the Plaintiff's Rights.

#11.)- **"P.A. Greg Robinson"** FACILITY PHYSICIAN'S ASSISTANT FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D,O,C, Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Physician's Assistant for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules and Regulations at the time[s] the complaint[s] arose. The Defendant (#11.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Rights.

#12.)- **"P.A. MICHAEL WALSH"** FACILITY PHYSICIAN'S ASSISTANT FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Physician's Assistant for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules and Regulations at the time[s] the complaint[s] arose. The Defendant (#12.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Rights.



### (A) - PARTIES CONTINUED

#13.)- "N.P. CONSTANCE BATSON" FACILITY NURSE PRACTITIONER For (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the (D.O.C. Headquarters) at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Nurse Practitioner For (D.O.C.), Acting Knowingly and willfully to the Actions, Rules and Regulations at the time[s] the complaint[s] arose. The Defendant (#13.) was acting under the Color of State and Federal Law, Whom in her Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#14.)- "R. N. Michael Lovato" FACILITY REGISTERED NURSE III FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Registered Nurse III for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules and Regulations at the time[s[ the complaint[s] arose. The Defendant (#14.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#15.)- "DR. ELIZABETH HOGAN" HEAD PSYCHIATRIST FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Head Psychiatrist for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules, and Regulations, at the time[s] the complaint[s] arose. The Defendant (#15.) was acting under the Color of State and Federal Law, Whom in her Official and Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.



## (A) - PARTIES CONTINUED

**#16.)-** **"Psychologist John O'Sullivan"** FACILITY PSYCHOLOGIST FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Facility Psychologist for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules, and Regulations at the time[s] the complaint[s] arose. The Defendant (#16.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

**#17)-** **"P.A. Travis Waters"** PHYSICIAN'S ASSISTANT PSYCHIATRIST FOR (D.O.C.), Is a citizen of the State of Colorado, Whom can be reached by or through the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Psychiatrist Physician's Assistant for (D.O.C.), Acting Knowingly and willfully to the Actions, Rules and Regulations at the time[s] the complaint[s] arose. The Defendant (#17.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Rights.

**#18.)-** **"MENTAL HEALTH CLINICIAN GARY MORGAN"** MENTAL HEALTH CLINICAL WORKER FOR (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the address of the 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Mental Health Clinical Worker for (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules, and Regulations at the time[s] the complaint[s] arose. The Defendant (#18.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (if It Is True), Violated the Plaintiff's Constitutional Rights.



## (A) - PARTIES CONTINUED

#19.)- " EXECUTIVE DIRECTOR MARVA LIVINGSTON HAMMONS" EXECUTIVE DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES: Is a citizen of the State of Colorado, Whom can be reached by or through the address of U.S. Health and Human services 1961 Stout Street, Room 884, - Denver, Co. 80294, and is employed as Executive Director of the Department of Human Services, Acting Knowingly and Willfully to the Actions, Rules and Regulations at the time[s] the complaint[s[ arose. The Defendant (#19) was acting under the Color of State and Federal Law, Whom in her Official and Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#20.)- "HEAD OF C.M.H.I.P. STEVE SCHOENMAKERS" HEAD OF THE COLORADO MENTAL HEALTH INSTITUTE AT PUEBLO: Is a citizen of the State of Colorado, Whom can be reached by or through the address of 1600 w. 24-Th, Street, Pueblo, Co. 81003, And is Employed as Haed of the Mental Health Institute at Pueblo, Acting Knowingly, and Willfully to the Actions Rules, and Regulations, at the time[s] the complaint[s] arose. The Defendant (#20.) was acting under the Color of State and Federal Law, Whom in his Official and Individual Capacity, (If It Is True) Violated the Plaintiff's Constitutional Rights.

#21.)- "Medical Records Cindy Cox - C.M.H.I.P." MEDICAL RECORDS ADVOCATE FOR THE MENTAL HEALTH INSTITUTE AT PUEBLO: Is a citizen of the State of Colorado, Whom can be reached by or through the address of 1600 W. 24-Th, Street, Pueblo, Co. 81003, And is Employed as Medical Records Advocate for the Colorado Mental Health Institute At Pueblo, Acting Knowingly and Willfully to the Actions, Rules and Regulations at the time[s] the complaint[s] arose. The Defendant (#21.) was acting under the Color] of State and Federal Law, Whom in her Individual Capacity, (If It Is True) Violated the Plaintiff's Constitutional Rights.



## (A) - PARTIES CONTINUED

#22.)- **"Sex Offender Director Michael Dunlap"** SEX OFFENDER DIRECTOR FOR (D.O.C.), AND THE SEX OFFENDER MANAGEMENT BOARD: Is a citizen of the State of Colorado, Whom can be reached by and through the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Sex Offender Director for (D.O.C.), Acting Knowingly and Willfully the Actions, Rules, and Regulations at the time[s] the complaint[s] arose. The Defendant (#22.) was acting under the Color of State and Federal Law, Whom in his Official and Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#23.)- **"SEX OFFENDER THERAPIST RICHARD LINS"** SEX OFFENDER THERAPIST FOR THE SEX OFFENDER MANAGEMENT BOARD AND (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached at the address of 2862 S. Circle Drive, Suite 400, Colorado Springs, Co. 80906, And is employed as Sex Offender Therapist for the Sex Offender Management Board and (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules and Regulations, at the time[s] the complaint[s] arose. The Defendant (#23.) was acting under the Color of State and Federal Law, Whom in his Individual Capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.

#24.)- **"Sex Offender Therapist Michelle Davis"** SEX OFFENDER THERAPIST FOR THE SEX OFFENDER MANAGEMENT BOARD AND (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached by or through the address of 2862 S. Circle Drive, Suite, 400, Colorado Springs, Co. 80906, And is employed as Sex Offender Therapist for the Sex Offender Management Board and (D.O.C.), Acting Knowingly and Willfully to the Actions, Rules and Regulations, at the time[s] the complaint[s] arose. The Defendant (#24.) was acting under the Color of State and Federal Law, Whom in her Individual capacity, (If It Is True), Violated the Plaintiff's Constitutional Rights.



## (A)- PARTIES CONTINUED

   #25.)- "ADMINISTRATOR DOLORES MONTOYA" FACILITY MEDICAL ADMINISTRATOR
for (D.O.C.): Is a citizen of the State of Colorado, Whom can be reached
by or through the (D.O.C.) headquarters at the address of 2862 S. Circle
Drive, Suite 400, Colorado springs, Co. 80906, And is employed as
Facility Medical Administrator for (D.O.C.), whom acted Knowingly and
Willfully to the Actions, Rules and Regulations at the time[s] the
complaint[s] arose. The Defendant (#25.) was acting under the color
of State and Federal Law, Whom in her Individual Capacity, (If It Is
True), Violated the Plaintiff's Constitutional Rights.

P-10.)

# A. PARTIES

1. DEAN ROSS DENTON, REG. NO. 108801 At the address of Sterling
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   Correctional Facility, P. O. Box 6000, Sterling, Co. 80751

2. JOE ORTEZ [Sic], Head of (D.O.C.), at the address of 2862 S.
   (Name, title, and address of first defendant)
   Circle Drive, Suit 400, Colorado Springs, Co. 80906

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? <u>xx</u> Yes ___ No (CHECK ONE). Briefly explain your answer:

   Joe Ortez is a Citizen of Colorado and Employed by and through

   The State of Colorado As Director of the Department Of Corrections.

3. MAJOR LINDA MAYFIELD, Is a Citizen of the Colorado and is Employed
   (Name, title, and address of second defendant)
   By (D.O.C.) at P.O. Box 1010 Canon City, Co. 81215

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? <u>xx</u> Yes ___ No (CHECK ONE). Briefly explain your answer:
   LINDA MAYFIELD, is a citizen of the State of Colorado and Employed

   as Major for Territorial Correctional Facility Under the Color
                                                     of State Law

4. Attorney Anthony Decesaro Step III Grievance Officer at the address
   (Name, title, and address of third defendant)
   of 2862 S. Circle Dr. Suite 400 Colorado Springs, Co. 80906

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under
   color of state law? <u>xx</u> Yes ___ No (CHECK ONE). Briefly explain your answer:

   Attorney Anthony Decesaro is a Citizen of Colorado, and Employed
                                                         Under Color
   as Step III Grievance Officer and Past Access Attorney. of State Law

(If you are suing more than three defendants, use extra paper to provide the information
requested above for each additional defendant. The information about additional defendants
should be labeled "A. PARTIES.")

(Rev. 9/02/04)                    2

P. 11)

## B. JURISDICTION  - (Page 1.)-

1.  I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

    <u>XXXX</u>   28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    _____   28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2.  I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    1-St, 8-Th, & 14-Th amendments of U.S. Constitutions A.D.A. and

    Rehab Act's, Colorado Revised Statutes, See Index Jurisdictions -(B)

    See- Jurisdiction - - - - Continued.

_____

## C. NATURE OF THE CASE - - - - - (PAGE .1.)

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Plaintiff was declared totally Disabled by Social Security Disability Insurance and Colorado Workmens Compensation for the injuries the Plaintiff sustained in a Work Comp. Accident in the year (1989). Plaintiff was fully Disabled upon his arrest in the year (1996) and Also Declared a Chronic Intractable Pain Patient Under Colorado Revised Statutes 12-36-117 (1.5)(a & b). Plaintiff was allowed Chronic Pain Medications to allow him to get by in his everyday. Upon incarceration in the County Jail This Plaintiff was injured by (3)-Claims of Excessive force and subsequently filed the Civil Action 00-CR-497(PAC) which was settled in the first part of this Plaintiff's Prison Term. It is therefore relevant that Prior to this Plaintiff's incarceration he was fully Disabled, and Reinjured in the custody of County Jail. The Department of Corrections Knew that the Plaintiff was fully disabled and advised that he was injured by (3)-Claims of Excessive Force. Plaintiff was additionally injured in the Department of Corrections by attacks by other inmates, and -

See- (C)-Nature of the Case-"Continued"



(INDEX) - (JURISDICTIONS) - (VENUE'S)

1-St Amendment

8-Th Amendment

14-Th Amendment

28 U.S.C. §1331

28 U.S.C. §1391

42 U.S.C. §1983

A.D.A. = Americans Disability Act

REHAB ACT = Rehabilitation Act

C.T.C.F. = Colorado Territorial Correctional Facility

A.H.C.C. = Arrowhead Correctional Center

F.C.F. = Fremont Correctional Facility

D.R.D.C. = Denver Diagnostic Reception Center

C.R.S. = Colorado Revised Statutes

C.R.S. 18-6.5-101, 103 Crimes Against At Risk Adults

P.P.A. = Pharmacy Practice Act, Title 12 article 22

M.P.A. = Medical Practice Act, Title 12 Article 36

N.P.A. = Nursing Practice Act, Title 12 Article 38

P. 13)

treated for the Conditions of Stress Disorder, Anxiety, Panic Attacks, Claustraphobia, and Chronic Intractable Pain by (D.O.C.) medical-doctors. Plaintiff's Treatment was the continuation of Chronic Pain Medication prior to and after the (D.O.C.) had the Plaintiff go see a Chronic Pain Specialist. In so the Plaintiff was allowed treatment for his disability and condition.  Plaintiff states that the Defendants all named in this action knew that the plaintiff has serious medical needs and chose not to follow Specialists orders and or treat the plaintiff for his Serious Medical Needs. Defendant's Showed a Reckless Disregard to the Plaintiff's Constitutional Rights. Defendant's had a Common Knowledge of the Serious Medical Needs, But showed specific Deliberate Indifference towards this Plaintiff. Defendant's showed a specific intent to deny and or allow harm and suffering come to the Plaintiff as a At Risk Adult. Defendant's have not followed the State and Federal Laws to the Pharmacy Practice Act, Medical Practice Act, and Nursing Practice Act. Defendant's in full knowledge of Federal Laws have not allowed this Plaintiff to attend A.D.A. / Rehabilitation Act Programs. Defendant's have falsified numerous Medical Records to cover up their Cruel and Unusual Punishments directed at the Plaintiff. Additionally, as a Disabled Party and in the State Custody, Treatment was not followed by these Defendant's by not complying with Specialist's orders for the benefits of saving themselves money instead of giving the care as ordered. Plaintiff is not entitled to Programs and or the Chance to be Paroled due to being Disabled. Defendants Claim the Plaintiff is not Disabled by Deliberate Indifference in not accepting the Social Security Disability Report the U.S. Government has evaluated the Plaintiff to be. Defendants have further violated the Plaintiff's Rights that are explained further in each claim hereafter.

Defendant' have shown Deliberate Difference and Cruel and Usual Punishment on two or more occasions. Defendant's with Common Knowledge of the Plaintiff's disabilities "Force the Defendant to Work extremly hard Jobs", Lift Extremely tremendous amounts of weight while having a (10-Lb to 25-Lb) lifting restrictions, And do not make any special mannerisms to allow the Defendant Help, Thereafter allowing this Plaintiff to be continuously injured in these forced conditions of confinement.

P.14)

"GENERAL STATEMENT CONTINUED"

Plaintiff, Mr. Denton at all times relevant was housed at (6)-different (D.O.C.) facilities. and such incarceration began April 9-Th, 2001. Upon plaintiffs arrival at (D.R.D.C.) he was placed in an assignment and orientation unit, for the determination as to where he would be placed in the facilities. Mr. Denton informed authorities, prior to his placement within the facilities that he was fully Disabled, Handicapped, and Diagnosed with Chronic Intractable Pain, as well as Severe Anxiety, Panic Attacks, Claustrophobia, and Generalized Stress Disorder. In so that the Plaintiff was in need of Serious Medical Care and required a Single Cell due to these severe problems.

Mr. Denton was diagnosed with the above disorders prior to his incarcerated for a Severe work Compensation Injury approximately (1989) at the age of (30-Yrs of age), and was determined to be (Fully Disabled), with a (Full Disability) by the Work Comp., of the State of Colorado, and the United States Social Security Disability Insurance, and handicapped as of the same time frame. Upon information C.R.S., and belief, Mr. Denton is an (At Risk Adult) pursuant to §18-6.5-102 and as such at all times relevant was entitled to additional protections to C.R.S. §18-6.5-101 et seq.,

As a result of his medical condition, Plaintiff requested a Single Cell and Chronic Pain Medications and or Surgery to fix the Chronic Pain Syndrome. Which Pain Medications were allowed and a single cell were ordered by and through the (Limon Correctional Facility Medical Services that was approved and accorded to accommodate his medical condition, including for Safety Purposes from other inmates and in that the facilities are not otherwise designed to afford Mr. Denton proper Safety in his Everyday, day to day activities and for his protection of his personal Property.

P. 15)

Plaintiff, Mr. Denton was subsequently continuously moved from facility to facility where he had to fight to receive pain medications and custody safety that were approved upon the Plaintiffs initial determination by the Limon Correctional Facilities Mental, and Medical Services. Mr. Denton was denied a Single Cell by the Falsification of his status through the continuous moves to facility to facility. In all the Plaintiff was afforded to see a Pain Specialist in the field of Chronic Pain. Plaintiff there after was sent to Denver Health Pain Clinic on (3)-separate occasions. Each and every time the Pain Specialist, Pursuant to C.R.S. 12-36-117-(1.5)(a & b) allowed the Plaintiff continued Pain Medications, (Specialist Quote):- Nothing More to offer, Continue Pain Medications!!.

Plaintiff Mr. Denton was attacked on at (3)-Separate Occasions by other inmates due to his being housed in double Cells. He therein had property stolen continuously through out his incarceration with assistance from Staff, and or documentation thereafter of such incidents. These attacks consisted of inmates jumping on the back on Mr. Denton's Failed Back Syndrome, causing further injuries.

Inmate, Plaintiff Mr. Denton's Family "Mother and Father" continuously contacted the Correctional Facilities he was incarcered at trying to arrange the medical cares and Facility assignments. Each situation was received likewise without any proper changes and or medical care.

All Parties in this action were subsequently a part of the denial of Medical Care, Medical, and Mental Health Treatments, Security of Plaintiff, Security of Plaintiff's Property, And or Promoted Cruel and Unusual Punishments to this Plaintiff by Promoting None Care and Security to the Point of condoning punishment for the Plaintiff's attempts to ensue Pain Medications and or a Single Cell as a Disabled Inmate / Party.

Mr. Denton continued to experience problems with the above mentioned Medical and Mental Health issues and say a repetition of

P-16.)

Doctor whom confirmed this condition, but either treated and moved Plaintiff to a facility whom failed to treat these conditions and or falsely denied this Plaintiff Standard Card a Serious Medical Needs, On Two Or More Occasions, with Deliberate Indifference.

On November 22-Nd 2004, Plaintiff was Staffed and removed off all treatment and care. On the Date of November 11-Th, 2004 a News Paper Article was published in the Denver Post stating that the Department of Corrections had a Pharmacy Shortfall of ($497.000) and the Named Pharmacist was pending Pharmacy Practice Act Violations. (90%)- Of all inmates housed with and around this Plaintiff were then subsequently severed off Pain Medications that were in fact ordered by (D.O.C.) Physician's and or Specialists.

Mr. Denton was continuously transferred by the Named defendants and physicians to other facilities that refused to care for this Plaintiff, Contrary to the conditions of orders arranged prior for the Plaintiff by the (D.O.C.)- Headquarters and the Plaintiff's Correlation of his family with these officials:

Upon information and belief,; the transfer and denial of treatment's, Security, and Transfers were in retaliation for Mr. Denton's Safety / Medical issues by requesting Chronic Mental and Medical Care and a Single Cell, as no other basis existed to continuously transfer the Plaintiff, including that the Plaintiff was not a problem inmate, accept as judged for continuously trying to receive Mental, Medical, Security, Administrative Relief.

As a result of the forgoing, the Plaintiff has incurred and/or in the future will incur physical and mental pain suffering, mental anguish, severe emotional distress, humiliation, loss of enjoyment of life, physical impairment, physical disfigurement, lost earning capacity, future last earnings, medical therapeutics, and related health care expenditures, life care needs including for activities of daily living, and other damages and injuries.

P-17)

Furthermore, as a result of the forgoing conduct and permanency of the harm and damage cased to the Plaintiff, Mr. Denton has suffered substantial harm and / or damage, including future hospital, medical and other health care related expenses, and future lost home services.

Plaintiff was additionally required to complete offender classes and thereafter denied to participate in these services due to the fact he is disabled and on oxygen, as well in need of Chronic care treatment. Plaintiff likewise  state they cannot release the Plaintiff incarceration until he thereafter completed treatment, but do not offer disabled inmates such treatment.

P.18.

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1.   Claim One:   HEAD OF (D.O.C.) JOE ORTEZ
_____

Supporting Facts:

(VIOLATIONS OF 1-St, 8-Th, 14-Th Amendements - "JOE ORTEZ")

1-A.)- Plaintiff incorporates, herein by this reference, all other paragraphs in this complaint and Jury Demandverbatim.

1-B.)- Defendant Joe Ortez was deliberately indifferent and grossly negligent to his responsibilities to Plaintiff while he was in the care, control and custody at the Department of Corrections.

1-C.)- Deliberate Indifference and gross negligence resulted in violations of the Eighth Amendment to the Constitution of the United States in which the Plaintiff was subjected to Cruel and Unusual Punishment, including specifically as a result of Joe Ortez failing to intervene in reference to the actions of his staff after speaking to my Mother and receiving full detailed accounts of the harms placed on this Plaintiff. Knowingly and willingly, Mr. Joe Ortez failed to interact by stopping the abuses against this Plaintiff, In so failed to have one medical system that all medical orders were accepted at other facilities, And or to allow this Plaintiff to be issued a Single Cell, Medical Care as paid for by the Department Of Corrections, Free from Staff Retaliation, Free from Inmate assaults despite forewearning forewarning. This again included the failure to place Mr. Denton in a Single Cell, failure to adhere to and abide by an order to place Mr. Denton in a Single Cell, and the failure to see that adequate medical care and / or treatment to Mr. Denton's Serious Medical Needs while have full Knowledge of these situations.

P-19

1-D.)- Joe Ortez failed to adequately ensure the safety of Mr. Denton and address his serious medical needs, resulting in harm and / or damage to Mr. Denton including as outlined above.

P.20)

2.  Claim Two:  MAJOR LINDA MAYFIELD -(C.T.C.F.)

Supporting Facts:

(VIOLATIONS OF 1-St, 8-Th, and 14-Th, Amendments _ "LINDA MAYFIELD")

2-A.)- Plaintiff incorporates, herein by this reference, all other paragraphs in this complaint and Jury Demandverbatim.

2-B.)- Defendant Linda Mayfield, Major of the Colorado Territorial Correctional Facility, Was deliberately indifferent and Grossly negligent to her responsibilities to the Plaintiff while he was in the Control and Care of Linda Mayfield's facility.

2-C.)- Deliberate Indifference and Gross Negligence resulted in violations of the Eighth Amendment of the Constitution of the United States in which the Plaintiff was subjected to Cruel and Unusual Punishment, Including Specifically as a result of Major Linda Mayfield failure to intervene in reference to the Actions of her staff and medical services by Promoting Violence towards this Plaintiff in her daily running of the Colorado Territorial Correctional Facility. Linda Mayfield with Common Knowledge of her staff allowing other inmates to harass and injure this Plaintiff with harm at their convenience. Major Mayfield did not follow the (D.O.C.) rules that no inmate is allowed to tell another inmate what to do, therein failing to stop or control the assault by a inmate Simms against the Plaintiff. Major Linda Mayfield was present at the November 22-Nd, 2004 Staffing where the Plaintiff Mr. Denton was severed off his Pain and Mental Health Medications. During such staffing the Plaintiff was allowed to present his case for medical care and needs. Dr. Neufeld, Sandy Harris, and Renee Martinez, all denied to look at any documentation of the Plaintiffs case for treatment. Major Mayfield was the only one who reviewed the Plaintiff's documentation's therein not caring what official Constitutional Violations were taking Place. Major Mayfield was shown documentation of the Plaintiff's Social Security Disability Paperwork as well as the Pain Specialists reports and a News Paper Article showing that Medical Had a ($497,000) shortfall for prescription medications. Is was clear that Major Mayfield failed

(Rev. 9/02/04)          5



to intervene or in the least insist the Physician examine the Plaintiffs documentation's. Major Mayfield failed to act by stopping the abuses to this Plaintiff. In so she failed to allow one system of medical where as she instead promoted that medical care be denied on the basis of funds and not Serious Medical Needs. Major Mayfield denied the Single Cell, or intervening when Staff retaliated against this Plaintiff, or free from inmate assault despite forewarning. This again included the failure to place Mr. Denton in a single cell, or Medical Care as Paid for by (D.O.C.) but not followed through with as Mayor Mayfield was present and Condoned the severing of Mr. Denton's Medication although he showed her the Pain Specialists reports. In So Major Mayfield Failed to allow Mr. Denton adequate Medical care and / or treatment of serious medical needs.

2-D.)- Major Mayfield failed to adequately ensure the safety of Mr. Denton and address his serious medical needs, resulting in harm and / or damage to Mr. Denton including as outlined above.

3. **Claim Three:** <u>ANTHONY DECESARO STEP III GRIEVANCE OFFICER/Access</u> Attorne

Attorney

Supporting Facts:

( VIOLATIONS OF 1-St, 8-Th, & 14-Th, AMENDMENTS - ANTHONY DECESARO )

3-A.)- Plaintiff incorporates, herein by this reference, all other paragraphs in this complaint and jury Demandverbatim.

3-B.)- Defendant Anthony Decesaro was deliberately indifferent and grossly negligent to his responsibilities to Plaintiff while he was Care, Control, Custody of the Department of Corrections.

3-C.)- Deliberate Indifference and Gross Negligence resulted in Violations of Eighth Amendment to the Constitution of the United States in which the Plaintiff was subjected to Cruel and Unusual Punishment, including specifically as a result of Anthony Decesaro meeting with Mr. Denton at the Limon Law Library were he was seeing this Plaintiff as a Official Access Attorney, Anthony Decesaro listened to the Plaintiff's Class Action Civil Action No. 00-CV-497. Access Attorney Anthony Decesaro falsely advised this Plaintiff to his Civil Matter. In doing so the Plaintiff confronted Mr. Decesaro in his abuse, thereafter Mr. Decesaro had the Plaintiff Mr. Denton removed for the Law Library. Thereafter again the Plaintiff was forced to have to meet with Mr. Decesaro by the (D.O.C.) rules and regulations. Mr. Decesaro continued to deny the Plaintiff Legal Access to Legal Assistance.

In his actions he failed to allow the Plaintiff Legal Access to fight his case therefore forcing the Plaintiff to settle his Claim therein for a small amount. Additionally the Plaintiff has now and for several years had to apply all his Step III Grievance to Mr. Decesaro whom failed to ensure the Plaintiff's Medical Care and / or conditions of Confinement to the proper needs of Serious Medical Needs. Mr. Decesaro answers all his Step III Grievances Purposely after (180) day as an Attorney Delaying with Specific intent the Step III Grievances to not allow Cases to Pursue with the required (180)-Notice such as C.R.S. 24-10-109 Notice Of Intent Suits. Therein the Defendant Mr. Decesaro Violated this Plaintiffs constitutional Rights to Cruel and Unusual Punishment and Deliberate Indifference to the right Administrative Relief. Mr. Decesaro Always

P-23)

answered that he was not a Physician and Could not make decision in Medical Issues therein voiding the whole Step III process while stopping all legal mannerisms to pursue the Courts by this Plaintiff. Therefore Mr. Decesaro had full Knowledge of the Plaintiffs Trips to the Pain Specialists and thereafter denied the Plaintiff relief By Neglect and Failure to reply to grievances in a timely manner. Mr. Decesaro failed to intervene when the Plaintiff's Property was stolen therefore condoning abuse towards the Plaintiff and assaults. As a Attorney of the State Mr. Decesaro failed in his duties to provide safe living conditions of this Plaintiff with Full knowledge of these incidents of the Plaintiff by his denial of Grievances.

3-D.)- Mr. Anthony Decesaro failed to adequately ensure the safety of Mr. Denton or his Property, and address his Serious Medical Needs, resulting in harm and / or damage to Mr. Denton including as outlined above.

P. 24.)

CLAIM FOUR (D)-CAUSE OF ACTION

4.)- CLAIM FOUR: DR. CARY SHAMES, DR. ORVILLE NEUFELD, Dr. Michael AASEN, DR. MARCIANO BUTUSTA, DR. TIMOTHY CREANY,

(VIOLATIONS OF 8-Th & 14-Th AMENDMENTS ABOVE NAMED DEFENDANTS)

SUPPORTING FACTS:

4-A.)- Plaintiff incorporates, Herein by this reference, all other paragraphs in these Complaints and jury Demandverbatim.

4-B.)- Defendant's Shames, Neufeld, Aasen, Butusta, Creany, were deliberate indifferent and Grossly Negligent of their responsibilities to Plaintiff while he was in their Care, Control, and Custody at (C.T.C.F.), (A.H.C.C.), (F.C.F.) - Facilities.

4-C.)- Deliberate Indifference and gross Negligence resulted in violations of the Eighth and Fourteenth Amendments, to the Constitution of the United States in which the Plaintiff was subjected to Cruel and Unusual punishment, including specifically as a result of Defendants failure to Treat this Plaintiff for his Serious Medical Needs. All Defendants were Fully Knowledgeable and Willfully Chose to Violated the Plaintiff's Constitutional Rights by showing Deliberate Indifference in Stopping the Plaintiff's Pain Medications that the (D.O.C.) had sent the Plaintiff to a Specialist to receive. Dr. Cary Shames was hired in the Year (2004) and thereafter designed a plan to stop all Pain Medications no matter what conditions of this Plaintiff and or other inmates. In doing so Dr. Shames devised a specific manner to cut all inmates off pain medications partially due to Financial Short Falls in (D.O.C.) and in retaliation against inmates, and Dr. Shames own beliefs in Pain Control. Dr. Shames was Contacted by a (D.O.C.) Representative for State Representative Michael Merryfield concerning Plaintiff's Mr. Denton being taken off Pain Medications. Dr. Shames answered in documentation that he has stopped Pain Medications due to inmates Checking Medications, and Just wanting to Feel Good, and or

P. 25)

Get High. Dr. Shames only severed this Plaintiff's medications without this Plaintiff ever have medication problems and or reports showing abuse. Dr. Neufeld was sanctioned to cut all Pain Medications from inmates as assistant Head of Medical. Dr. Neufeld examined this Plaintiff, but refused to treat by allowing Pain Medications to continue as ordered by the Pain Specialist the (D.O.C.) Medical had sent this Plaintiff to on three occasions. Dr. Neufeld was the Doctor at the Staffing whom severed the Plaintiff off his pain Medications and Mental Health Medications. Dr. Neufeld Falsified the Plaintiff's Medical Records to reflect his and Dr. Shames false opinions to save money instead of stop the suffering of this Plaintiff. Dr. Michael Aasen first examined this Plaintiff in the Year of (2004), and declared the Plaintiff in need of Pain Medication sand his Mental Health medications. Dr. Aasen Raised the Plaintiff's Medications, Ordered him a Egg Crate and added that he was adding Klonopin to assist the Plaintiff (Quote):- to assist with Pain and Anxiety. Dr. Aasen then reported in Plaintiff's file that he called and lowered Plaintiff's Medications only after visiting with Dr. Shames and Neufeld. Therein Dr. Aasen did not use his professional Judgment, but only was hired to do as the Head Physicians told him to do. Leaving this Plaintiff in Suffering pain. Dr. Aasen refused thereafter to allow the Plaintiff to return to the Pain Specialist. Later on after the Pain Medication were stopped, Dr. Aasen was confronted in the Plaintiffs (M)-Ratings. Dr. Aasen was seen talking to the Head Administrative Nurse when the Plaintiff was called down to medical. It was apparent that Dr. Aasen was thereafter falsifying the Patient's Medical Records to Make the Plaintiff a (M-3) from a (M-4) just to get the Plaintiff move in retaliation for the Plaintiff filing administrative Relief against Dr. Aasen. When the Plaintiff advised Dr. Aasen he would be seeking Court Intervention, Dr. Aasen became angry and venomous towards this Plaintiff thereafter approving to have him Moved to a Facility whom later denied to move forcing injuries and abuse on this Plaintiff. Dr. Marciano Butusta was the Physician at (A.H.C.C.) whom evaluated the Plaintiff when he was Moved by Dr. Aasen, Dr. Butusta stated in his evaluation that this Plaintiff Showed through records and examination that he was a Chronic Pain Patient and that, Dr. Butusta was restricted by Dr. Shames in the care he was allowed to give the

P26)

Plaintiff. Dr. Butusta stated the Plaintiff Showed Concrete Proof that he required Pain Medications. Dr. Butusta then never followed up with this Plaintiff due to Over scheduling of his practice and therein Violation the Plaintiffs Rights. Dr. Butusta later Quit (D.O.C.) leaving the Defendant no relief and to see a Physician's Assistant whom raised the Plaintiff to a (M-4) again stating he should have not been a (M-3). Dr. Timothy Creany examined the Plaintiff at (F.C.F.), Dr. Creany found the Plaintiff was in need of Oxygen although the Plaintiff had continuously complained of shortness of breath for (years). Dr. Creany in addition did the Disability evaluation, but denied to accept the plaintiffs past Social security documentation's. Dr. Creany examined the Plaintiff for (O-2) levels while walking and ruled by the meter that the Plaintiff could not walk (40-Yrds) without oxygen. This was a Mobility Impairment. Dr. Creany would accept failed back surgeries and hand defects in his evaluations of this Plaintiff. All Doctors, (Shames, Neufeld, Aasen, Butusta, & Creany), Failed to treat the Plaintiff for serious medical Needs and / or provide Pain Medications as ordered by the Specialists the Plaintiff had been sent to. All above named doctors failed to allow this Plaintiff a (A.D.A.) job although he was totally disabled. All Above doctors denied to have the plaintiff housed in a single cell as ordered upon the Plaintiff's arrival to the (D.O.C.) intake facilities. All above named doctors denied to house Plaintiff in a cell away from other inmates whom prey of handicapped inmates therein leaving the Plaintiff to be physically assaulted at his numerous facilities. Dr. Creany documented the Plaintiff's concerns for injury by Gang Members in Prison, but failed to house the Plaintiff in other facilities of in a Single Cell. All named doctors failed to adhere to and abide by the order to place the Plaintiff Mr. Denton in a Single Cell, or to allow him Pain Medications as ordered by the Pain Specialists, and or failed to provide adequate medical care and / or treatment to Mr. Denton's Serious Medical Needs.

4-D.)- Defendants Doctors Shames, Neufeld, Aasen, Butusta, & Creany, failed to adequately ensure the safety, of Mr. Denton and address his serious Medical Needs, resulting in harm and / or Damage to Mr. Denton as outlined herein above, but not limited to all details of their actions.

P.27.)

5.)- CLAIM: (MEDICAL ADMINISTRATORS RENEE MARTINEZ, SANDY HARRIS, DOLORES MONTOYA) (PHYSICIANS ASSISTANTS GREG ROBINSON, MICHAEL WALSH,) (NURSE PRACTITIONER CONSTANCE BATSON), (REGISTERED NURSE III MIKE LOVATO)

_____SUPPORTING FACTS:

VIOLATIONS OF THE FIRST, EIGHTH & FOURTEENTH AMENDMENTS AS LISTED ABOVE

5-A.)-Plaintiff incorporates, herein by this reference, all other paragraphs in these Complaints and Jury Demandverbatim.

5-B.)- Defendants as listed above were deliberately indifferent and gross negligence resulted in Violations of the Eighth and Fourteenth Amendments to the Constitution of the United States in which the Plaintiff subjected to cruel and Unusual Punishment, including specifically as of the results of the actions of (Medical Administrators Renee Martinez, Sandy Harris, Dolores Montoya), (Physician's Assistant's Greg Robinson, & Michael Walsh), (Nurse Practitioner Constance Batson), (Registered Nurse III Michael Lovato), all violated the Plaintiffs Constitutional Rights despite Forewarning by: Administrators Renee Martinez, Dolores Montoya, Sandy Harris, all were in charge of this Plaintiff's Health Care and Failed to provide medical care. These Administrators all had specific dealings with Mr. Denton as all three Staffed and / or attended Staffing's where this Plaintiff was first allowed Pain medications and treatments, then severed off such treatments,. These Administrators personally were involved in the moves of this Plaintiff to ensure he did not receive medical care. In addition Specifically, Renee Martinez was the Head of Medical at both Fremont and Territorial facilities where the Plaintiff was denied medical care during staffings. Dolores Montoya Defendant-(#25) attended a staffing with the Plaintiff's Family and was involved through (D.O.C.) headquarters in the transport of this Plaintiff to a the Pain specialist to receive a order confirming the use of Pain Medications. Each of these Administrators had full knowledge of the Plaintiff's Chronic Pain issues, along with the Numerous disabilities of the Plaintiff. They in turn

P-28.)

granted treatment through grievances then correlated with the severing of all Pain Medications from the facilities for Cost Cuts and less work for the facilities. Sandy Harris was seen talking to Dr. Aasen prior to Dr. Aasen Changing the Plaintiff's Medical (M-4), code to a (M-3) lesser code only to get the plaintiff moved to another facility where he was changed back to a (M-4). Physician Assistants Greg Robinson and Michael Walsh were specifically involved in the denial of medical care. Greg Robinson therein also Changed the Plaintiff's Medical (M-4) status to a (M-3) where it was again changed back only after the Plaintiff was placed on oxygen even though the Plaintiff had always been a (M-4) over his major part of his incarceration. Michael Walsh on several occasions denied the Plaintiff care for serious medical needs. Plaintiff was seen by Michael Walsh for a large growth in his hand, Michael Walsh thereafter falsified the request to reflect the extremely limited use of the Plaintiff's hand was not a threatening matter whereas the insurance therefore denied the Plaintiff care for the Disabilities in his hand. Nurse Practitioner Constance Batson failed to evaluate the Plaintiff properly to his Serious Medical Needs and document these in a manner that was accepted by all other providers. Constance Batson had changed the Plaintiff back to a (M-4), but failed to make it stick in the abuses taking place against the Plaintiff. Constance Batson also evaluated the Plaintiff for the many different radiology reports the Plaintiff has on his hand, She stated she needed the Hand Surgery reports from a Dr. Stark while the Plaintiff was declared Incompetent to Proceed at the Colorado Mental Health Institution of Pueblo, (C.H.M.I.P.) Constance Batson had the Plaintiff sign for release of Dr. Starks Surgery reports. These records were a simple amount of (6 or 8) pages. Constance Batson documented she only needed Dr. Starks notes and led the Plaintiff he was only signing for these records only. The (C.M.H.I.P.) released (66)-Pages detailing the Plaintiff accused crime and treatments for Incompetence. Plaintiff never released these documents and Constance Batson therein denied to return them to the State Hospital ask requested by this Plaintiff. Constance Batson Violated the Specifics beyond the 8-Th and 14--Th amendments by thereafter violation the Plaintiffs rights to Confidentiality of the 1-St Amendment. Sandy Harris again with Registered Nurse III Michael Lovato, met with the Plaintiff in reference

P.29.)

to Mr. Denton's (M-4) status that was changed by Greg Robinson, As administrator and her helper they would not listed to the arguments that the Plaintiff was a (M-4) in serious Medical Need. They in Turn contacted a Richard Lins and chose to Falsify that the Plaintiff was Manipulating, although the Plaintiff was again made a (M-4) by another practitioner. In contacting and falsifying the Plaintiff conversation to Mr. Lins they Violated the Plaintiff's 1-St Amendment Rights that lead to distress and harm of the Plaintiff and his conditions of serious medical need. These parties listed in Claim Five all violated the Plaintiffs constitutional Rights by not ensuring Medical Care and Care for Serious Medical Needs. All treatment in all claims were denied along with any sort of pail relief such as Egg Crate Mattresses, Back Braces for the Plaintiff's Failed Back Surgery and Duress was applied for the Plaintiff's Administrative Remedies. All Plaintiff's named in these claims despite forewarning failed to treat the Plaintiff with any Pain Medication, Abide by single cell orders and / or to provide adequate medical care and / or treatment to Mr. Denton's serious medical needs.

5-C.)- Above Defendant's failed to adequately ensure the safety of Mr. Denton and address his serious medical needs, resulting in harm and / or damage to Mr. Denton including as outlined herein above and throughout the other claims as all defendant's had access to the Plaintiff's files, disabilities, and serious medical needs and well as security needs, but all failed to adhere to these needs.

5-D.)- Defendant's as named in Claim Five and all other claims were deliberately indifferent and Grossly Negligent of their responsibilities to Plaintiff while he was in their Care, Custody, and Control at Facilities (C.T.C.F.), (A.H.C.C.), (F.C.F).

6.)- Claim:(DOCTOR / PSYCHIATRIST ELIZABETH HOGAN), (PSYCHOLOGIST JOHN O'SULLIVAN), (PHYSICIAN ASSISTANT PSYC. TRAVIS WATERS), MENTAL HEALTH CLINICIAN GARY MORGAN).

SUPPORTING FACTS:

(VIOLATIONS OF THE 1-ST, 8-TH, & 14-TH AMENDMENTS)

6-A.)- Plaintiff incorporates, herein by this reference, all other paragraphs in all claims of this complaint, and Jury Demandverbatim.

6-B.)- Defendant's as named above were deliberately indifferent and grossly negligent of their responsibilities to Plaintiff's Serious Medical / Mental Health Needs while he was in their Care Custody and Control, at Facilities (C.T.C.F.), (A.H.C.C.), (F.C.F.).

6-C.)- Defendants as listed above and throughout the entire claims of the Plaintiff Dean Ross Denton, were Deliberately Indifferent and Grossly Negligent which resulted in Violations of the 1-St, 8-Th, & 14-Th Amendments to the Constitution of the United States in which the Plaintiff was subjected to Cruel and Unusual Punishment, including specifically, that the Plaintiff was severed off the Mental Health Medications by Dr's. Shames, and Neufeld, November 22-Nd 2004 and in turn the Plaintiff filed grievances. It was decided through the Mental Health Staff that the Plaintiff be sent to the Colorado Mental Health Institute at Pueblo, (C.M.H.I.P). whereas the Plaintiff could not be chained up due to his condition, In all the State Hospital Doctor Astivan came to the Plaintiff's facility to examine him. Dr. Astivan recognized the Plaintiff's needs for the Medications and ordered them, In turn Dr. Duval, from the (C.M.H.I.P.) seconded the treatment, as well as Dr. Aasen prior. The Facility had wanted independent evaluations to the Plaintiffs needs of these medications. Plaintiff say P.A. Travis Waters at the (A.H.C.C.) where Travis waters tried to ignore all Specialist orders and was trying to take the Plaintiff off his Serious Mental Health Needed Medications, This did not happen and the Plaintiff continued treatment thereafter through two more providers, until the

P.31)

Plaintiff was moved back to (C.T.C.F.) where he saw this P.A. Travis Waters with Gary Morgan, Travis Waters said he would not allow me the same care and serious mental health needed medications, He offered to have me re-evaluated, but it never happened and subsequently the Plaintiff spoke to Travis Waters and Gary Morgan in reference to their not following the Specialists orders whereas the Medications were good for another (6)-months or until May 2007. Travis Waters and Gary Morgan Severed the Plaintiffs medications against all beliefs and without evaluations or past specialist orders. They were specifically Indifferent to the fact they did not prescribe these medications. Plaintiff received a (dora) Medical Examiners Printout on P.A. Travis Waters which said he was working on the License of Elaine Nix. When the Plaintiff asked if Elaine Nix would agree with this removal of the Plaintiff's care Mr. Waters and Morgan became angry any cut Plaintiff of his Medications. Plaintiff was told by Travis Waters that the New Head Psychiatrist was Elizabeth Hogan and he worked on her license. Plaintiff advised them that he had retained Dr. Hogan as a Defense witness in his Criminal Defense and asked if this was a conflict of interest. Both Gary Morgan and Travis waters were angry thereafter falsifying a Incident report stating the Plaintiff was Manipulating. This is a violation of the Plaintiff Equal Protection Clause and the 1-St Amendment of freedom of speach. Plaintiff was not Manipulating but only advising the providers of the facts and legal concerns therein. Plaintiff was severed off Mental Health Medications that stopped the Plaintiffs serious Medical / Mental Condition to be transported and Anxiety, Panic Attacks, He was followed up with by John O'Sullivan whom was present at the Plaintiff's staffing and consulted in the Plaintiff's Need for these medications and Thereafter the recommendation for the Plaintiff to be seen by an independent evaluator. John O'Sullivan failed to intervene knowing of the Serious Medical / Mental Health Needs of the Plaintiff. All Parties were involved in the Grievance Procedure that is still pending with all medications severed. Defendant's have stated in the grievance they are severing the Medications Completely even though the order was good till May 2007. Defendant's knew the Plaintiff was diagnosed with the need for single cell, but failed to respond to this Mental Health Order. Defendant's worded they just would not allow the Plaintiff treatment of security

P.32

under the Single Cell Order therein allowing the Plaintiff to be injured by other inmates and continuously moved from facility to facility in retaliation for the Plaintiff's try to get serious Medical / Mental Heath care. Despite forewarning the Plaintiff was denied all care and moved out of the facility, without any help to move his items, and or medications to be transported, therein injuring himself in transport due to the indifference applied by these defendants, whom failed place the plaintiff of medications, and or a single cell and house the Plaintiff in a secure facility without gangs. Additionally they failed to provide appropriate medical / mental health care and / or treatment to Mr. Denton's serious medical needs.

6-D.)- Defendants as listed above and throughout these claims Failed to adequately ensure the safety of Mr. Denton and address his serious medical / mental health needs, resulting in harm and / or damage to Mr. Denton included as outlined herein above, but limited to other amended instances that occurred.



7.)- **Claim:** <u>(EXECUTIVE DIRECTOR MARVA LIVINGSTON HAMMONS), (HEAD OF (C.M.H.I.P.) STEVE SHOENMAKER), (MEDICAL RECORDS CINDY COX "C.M.H.I.P.")</u>

**SUPPORTING FACTS:**

VIOLATIONS OF THE 1-St, 8-Th, & 14-Th AMENDMENTS

7-A.)- Plaintiff incorporates, herein this reference, all other paragraphs contained in this complaint and Jury Demandverbatim.

7-B.)- Defendant as named above were deliberately indifferent and grossly negligent of their responsibilities to the Plaintiff while he was in their Care, Custody and Control. At (C.T.C.F.) and (C.M.H.I.P.).

7-C.)- Deliberate Indifference and Gross Negligence resulted in violations of the 1-St, 8-Th, & 14-Th, Amendments to the Constitution of the United States in which the Plaintiff was subjected to cruel and Unusual Punishment, Including Specifically that the Plaintiff was sent to the Colorado Mental Health Institute at Pueblo as Incompetent To Proceed, prior to his incarceration in (D.O.C.). Plaintiff had Hand Surgery while at (C.M.H.I.P.) and subsequently sentenced to (D.O.C.) Plaintiff has a Large Cyst growing on the hand he had surgery on. Plaintiff was told he was signing a Medical release for the surgery reports by N.P. Constance Batson which was about (6 to 8)- Pages in length. (C.M.H.I.P.) Staff Hammons, Schoenmakers, and Cox allowed the full Mental Health file be sent to (D.O.C.) Violation the Plaintiff's Constitutional Rights to Confidentiality. (D.O.C.) has used these allegations of Presentence confinement against the Plaintiff as Abusive and caused the Plaintiff undue duress. Plaintiff correlated with (C.M.H.I.P.) Cindy Cox in his attempts to resolve this matte. Cindy



Cox and her supervisors as mentioned denied this Plaintiff to resolve this matter and stated by documentation that they share records with (D.O.C.) as part of their facility. Claimant has not released these documents and was denied there facts through grievances. Whereas these Defendants have Falsified medical documents to adhere to their own rules to cover their own actions of neglect. and to provide adequate Medical care and Record keeping of treatments and harmed the Plaintiff's serious medical needs.

7-D.)- Defendant's as named above failed to adequately ensure the safety of this Plaintiff's records and surgeries under the Medical Practice Act and / or the Plaintiff's serious medical needs, resulting in harm, and / or damages to Mr. Denton including as outlined herein above and throughout these claims.

**8-CLAIM:**  (SEX OFFENDER DIRECTOR MICHAEL DUNLAP), (SEX OFFENDER THERAPIST RICHARD LINS), (SEX OFFENDER THERAPIST MICHAEL DAVIS).
     SUPPORTING FACTS:

VIOLATIONS OF THE 1-St, 8-Th, & 14-Th, Amendments
A.D.A. and Rehabilitation Act Violations

8-A.)- Plaintiff incorporates, herein by this reference, all other paragraphs in this complaint and Jury Demandverbatim.

8-B.)- Defendants as named above were deliberately indifferent and Grossly Negligent of their responsibilities to the plaintiff while he was in their care, Custody, and Control at facilities, (C.T.C.F.), (A.H.C.F.), (F.C.F.).

8-c.)- The Deliberate Indifference and Gross Negligence resulted in violations of the 1-St, 8-Th, & 14-Th, Amendments of the Constitution as well as (A.D.A.) REHABILITATION ACT VIOLATIONS of the United States of America and Colorado State Law whereas the Plaintiff was subjected to Cruel and Unusual Punishments, specifically to Therapist Richard Lins participated with Defendant's Sandy Harris & Michael Lovato in Violation the Plaintiff's 1-St Amendment Rights to Freedom of Speech in that Plaintiff addressed Defendants to his (M-4) Status being falsifying the Plaintiff Mental / Medical records to reflect a lower rating for purposes of getting the Plaintiff moved. Defendant's Falsified Medical / Mental Health reports to state the Plaintiff was trying to Manipulating them and the system. Defendant was moved to (A.H.C.C.) as a (M-4) and on Breathing Treatments. Upon entering the (A.H.C.C.) Sex Offender Phase II Program the Plaintiff full Complied although he was a Medical (4) and not allowed to be in the Program as a Medical (4). Defendants Michelle Davis and Michael Dunlap both talked to the Plaintiff in reference to him being moved to this treatment program. Defendant's falsely held Plaintiff in their program, but acknowledged

P-36(')

the Plaintiff could not work due to not being allowed around chemicals or in the hard labor of the kitchen. Plaintiff was held from November 14-Th, 2005 till March 6-Th, 2006 without assistance or help with the program. Plaintiff was sent to the Parole Board only days prior to him being moved out of the program. Defendant Richard Lins, Michelle Davis, and Michael Dunlap all failed to allow this Plaintiff Participation in the Phase II S/O Program, then had the Plaintiff shipped out as a medical -(4) in which the Plaintiff had been changed back and forth from (M-4), to (M-3), back to (M-4) numerous times. Plaintiff was told by Parole to finish Classes, but the Plaintiff was moved two day thereafter. Plaintiff is not entitled to Phase II Treatment as a Sex offender, but denied to take treatment on the basis he is disabled and a (M-4) with Oxygen and Chronic Pain Needs. Defendant's therein only acknowledge these conditions to refuse his S/O Treatment, but therein state the Plaintiff does not have these conditions when he seeks medical care. Plaintiff sent the (D.O.C.) Sex Offender a Registered letter stating all these facts without these Therapists acknowledging this letter by refusing to accept such letter. Plaintiff is not a year past this date and being held without the option of Parole, Community and / or any means to be free for incarceration because of these Defendant's refusal to allow Plaintiff Treatment due to his Medical care. Plaintiff is thereafter being warehoused in violation of the Constitution of the United States.  All Plaintiff's in all Claims have knowledge of these situations and purposely deny this Plaintiff Treatment, Medical care, Security as a Sex Offender and or housing a in a safe facility. Defendant's fail to provide adequate treatment and care for the serious need of the Plaintiff and thereafter warehouse him.

8-D.)- Defendants fail to adequately ensure the safety of Mr. Denton and address his serious medical needs, resulting in harm and / or damage to Mr. Denton as outlined above and in all other claims.



# E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? <u>xx</u> Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

   Sheriff's El Paso County Jail

2. Docket number and court name:

   00-N-497 (PAC)

3. Claims raised in prior lawsuit:

   3-Claims Excessive Force

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

   Settled

5. If the prior lawsuit was dismissed, when was it dismissed and why?

   No

6. Result(s) of any appeal in the prior lawsuit:

   None

# F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   <u>xxx</u>Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? <u>xx</u> Yes ___ No (CHECK ONE).

   If yes, either attach copies or describe with specificity how you have exhausted administrative remedies. If no, briefly explain why not:

   Have over (50) Grievances in reference to these claims and

   ~~Part of these Claims are against the Step III Grievance Officer~~
   Part of these Claims are against the Step III Grievance Officer

P.38

## (E)- PREVIOUS LAWSUITS

1.)- Names of Defendant's in Prior Lawsuit:
Montez Class Action against Bill Owens

2.)- Docket Number and Court Name:
Civil Action No.92-N-870 (OES) (Consolidated for all purposes
with Civil Action No. 96-N-343). MY Claim 03-206

3.)- Claims Raised Prior Lawsuit: Member of Class Action

4.)- Disposition of Prior Lawsuit: Still Pending Magistrate Will
Not Answer Members Motions.

5.)- Not Dismissed

6.)- Results: - Pending

P.39.)

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Wherefore the Plaintiff respectfully requests that the court enter Judgement against the Defendants as follows

1.)- Award Plaintiff General, Special, & Consequential enconmic & non-econonomic damages in conformance to proof at trial, including but not limited to past, present, & future, mental physicial & emotional harm and / or damage, and/or pain physical impairment, physical disfigurement, suffering, anguish, loss of enjoyment of life, lost wages, lost earning capacity, needs, and other injuries, including permanent injuries suffered in the greatest amount awardable.

2.)- Award Plaintiff Pre-judgement and Post-judgement interents in the highest lawful amount.

3.)- Award Plaintiff costs, Expert witness fees and reasonable attorney fees

4.)- Grant Plaintiff such other and further relief as this court deems Just and Proper

5.0- Plaintiff demands a Trial by Jury on all issues so trialable.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on _January 28th 2007_
            (Date)

_____
(Prisoner's Original Signature)

DC FORM 850-4B (10/02)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

| Assigned Grievance | C.T.C.F. 03/04-047 STEP One | 03/04-047B |

| NAME Dean R. Denton | DOC NO. 108801 | FACILITY C.T.C.F. / Unit7 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP IN GRIEVANCE PROCESS.

REQUEST: Chief Pharmacist Doug Massingill failed to answer any of the facts to the specific's of the Informal Grievance.

As a part of Mr Massingill's responsibilities to his license requires him to report the stopping of a Schedule II Narcotic abruptly. A person legally taking methadone for close to (2)-years, does not have orders that just expire. It is also a matter that Mr. Massingill contact the physicians to advise them of the consequences of just stopping ones methadone at one time. As stated in the Inform grievance, The Federal Government requires that all who administrate or whom discontinue the use of methadone must due it under their guidelines. In the reply Mr. Massingill sends he states that he has reviewed my patient profile, but at no time can state that I was to have my methadone stopped for any just reason. I received the methadone from the pain specialist in Denver. The New facts have now arose to there being no orders from any specialist stating I have any meds stoppe. The Doctors at Denver Health could not find anypart to having the meds discontinued. They did find their last order stating I stay on the methadone and come back for a review thereafter. The matter calls out for investigations since files are missing and false notes made into the files. During the time the meds were stopped my blood pressure went real high raising my concerns in my furture life. The pharmist is responsibile and needs to report misconduct when it happens avoiding these matters makes the pharmist an accessory to practice act violations

Note I was held in Denver for over a month on medical.

DATE: 9/4/03    OFFENDER SIGNATURE

RESPONSE 9/29/03
- Above issue resolved
- plan-continue Methadone 60mg/D taperaten
Patient agreeable with above
9/29/03
Calvin Sins #181

If you are dissatisfied with the response to this Step 1 or Step 2 grievance, you may obtain further review by submitting the next step to your Case Manager or the Grievance Officer.

DATE:    SIGNATURE/PRINT NAME & Staff ID #
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:
DATE: 9-10-3    SIGNATURE/PRINT NAME & Staff ID # Public Morse 6817
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
DATE:    OFFENDER SIGNATURE/PRINT NAME & DOC # 9/28/03

Original: Department File    Copies: Working File, Warden, Offender

ATTACHMENT "B"
Page 1 of 1    x-1

State Representative
MICHAEL MERRIFIELD
83 A Crystal Park Rd.
Manitou Springs, CO 80829
Home: 719-685-4551
Cell: 719-460-0580
Capitol: 303-866-2932
E-mail: michael.merrifield.house@state.co.us



**COLORADO**

**HOUSE OF REPRESENTATIVES**

STATE CAPITOL

DENVER

80203

Chairman:
 Education Committee
Member:
 Local Government Committee

February 11, 2005

Janis Buis
1112 E. Columbia Street
Colorado Springs, 80903

> Re.: *Mr. Denton's pain medication*

Dear Ms. Buis:

I apologize for the delay in getting this response to you. However, I am enclosing an email with this letter that explains the information Patti Micciche was able to find from Dr. Shames regarding Mr. Denton. I hope you find it helpful.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Representative Michael Merrifield

X 2


**Date:** Thu, 27 Jan 2005 19:16:25 -0700

**From:**

**To:** michael.merrifield.house@state.co.us

**Subject:** Follow up Information on Dean Denton

Rep Merrifield,
I spoke with Dr. Shames regarding Mr. Denton's pain medication. Here is
what I learned.
   Although Dr. Shames is not Mr. Denton's doctor, he did speak to two
doctors that have cared for Mr. Denton. Dr. Shames said he did not tell
the family that Mr. Denton should remain on the narcotic pain
medication.
The use of narcotics (pain medication) is a problem in our system. What
we are facing includes inmates who cheek these narcotics (pain
medication) and sell them to other inmates, inmates who become addicted
to the pain killers (often times the same inmates who have a history of
substance abuse issues), inmates that want to "feel good" and that the
long term use of these pain medications reduces the efficacy of the
drug.
There is no policy that states we are getting rid of all pain
medication. What is happening is that all patients who receive pain
medication have their case reviewed often. Every patient is looked at
individually and a decision regarding continuing/ceasing pain medication
is determined by that care provider. Furthermore, the care providers
are talking to the security staff and asking them to observe if there's
"true pain behavior". An example would be an inmate who complains of
knee pain/leg pain, yet he/she just finished playing a game of
basketball. Dr. Shames explained that there are patients that need
these medications vs. those that want these medications.
I asked Dr. Shames how pain is treated for those inmates who have been
taken off a narcotic pain med. He said over the counter, tylenol,
acetomenphene, etc.
Because of health care protection laws, Dr. Shames was only able to
share some specifics regarding Mr. Denton. He indicated that Mr. Denton
has a prior drug abuse issue.
Dr. Shames ensured that we strive to take care of our inmates as best we
can. He said that when he spoke to Mr. Denton's father, he conveyed
that message. Often times family members aren't given the entire story
by their loved one.

Please let me know if you have any follow up questions.
Patti

X-3

# OUTPATIENT ENCOUNTER RECORD

7-23-02

Denton, Dean

DoB 12-16-58

CLINIC SITE: MSK

DATE: _____ FIN #: _____

CHART LOCATION / PCP: _____

CHART AVAILABLE: ☐ YES ☐ NO Adm. # _____

HT. 5'11  WT. 206.5  HC _____  AGE 43½  LMP _____

TEMP. 96.37  B.P. 136/91  P. 83  RR 16

PREVENTIVE CARE/IMMUN. UP TO DATE: ☐ YES ☐ NO   CURRENT PHONE #: None/DOC

TOBACCO EXPOSURE: ☐ YES ☒ NO

MED ALLERGIES:

MEDICATIONS: Pt. get meds from DOC

SUBJECTIVE / OBJECTIVE: Pt here for back, leg, shoulder, hand (?) troubles

43 y.o. ♂ PMHx HepC, HTN, Arthralgia, ASPD c PD (dysthymic), PSA.
1° complaint today is LBP c ® LE radiation (intermittent) L2²
post/lat thigh + occasional ant thighs. Feels superficial numbness
in back; 3-4 x / wk ↑ ↑ x/mo c associated loss of B+B (?)
Relief = rest, supine, meds; ↑ pain – any activity – bending, steps,
OOB in AM. Fall off scaffolding
1989 → UIC fusion L4-S1
1990 + 1991 → D/C hardware 1992
(?. athletic R&R) → ↑ pain. RTW
various sheetrock ↑ pain. completed
PT x 4 mos, acupuncture, TENS -
∅ relief. Meds - methadone 30 →
recent ↑ to 20 mg BID 2 mo ago
c notable improvement of pain control
panafed forte 500 BID - helps for muscle
pain, ↓ stiffness; LBP = constant
achy arthritic; ® LE radiation
is intermittent sharp, electric.

[PE] Back - well healed midline
incised ® SI jt. tenderness TTP
c full ROM + good tone, c
⊖ muscle pain ∅ ↑ tension
of muscles c arms. Back ROM
full all planes ō ext, flex
WNL planes ⊕ axial load.
⊖ sham rotation.
∅ step-off.

## ASSESSMENT / PLAN

® LE - ∅ focal atrophy, NL fine
seated SLR = neg ®, supine neg
MMT 5/5 x intermittent breakaway
improves c UC, pt intact sensory
& min ↓ ® medial foot (∅ entire
L3 dermatome) ⊕ masses + gait
[AIP] chronic mechanical LBP s/p
L4-S, fusion, intermittent ® LE
radiation w/o clinic referred
facet DJD, ∅ evidence of radiculopathy
⊕ L5 deQ ditrana ⊕ ® ham
contracture. Pain subjectively +
on exam well controlled c current
regimen - cont methadone 30 BID +
panafed PRN BID. Discussed SLC &, gait
isometric ABS + ham stretches.

RETURN VISIT: limit repeated lift to <10lbs
limit sitting ↑↑ if possible to 1-2 x/d

CAREGIVER: consider Ativan PRN for # transport

ATTENDING: _____ PNE 091124 # (transvar)
RTC 4 mo. _____ 7/27/02

F20-250 (5/96) DHH

A#035151?

330P     5-1-03

# DENVER HEALTH MEDICAL CENTER
## OUTPATIENT ENCOUNTER RECORD
### ADULT MEDICAL SUBSPECIALTY CLINICS

Date: 64079700
05/01/03  HSC: MRE
Nar: DENTON, DEAN
2 19 30 85  M  12/16/1958
MR  G08
1:  2:  RX:  IP:
PCP:
SS  PHN: (303)307-2307   MRLO: DGOP
DOB: _____   Age: _____
Phone Number(s):
Home: _____ 0
Work: _____

Clinic: MSK 2    Primary Language: eng
H: BP 145/101 T 97.2 P 90 RR 18 O₂Sat ✓
Age: 44 WT. 291 HT. 5' 11" LMP: _____
Tobacco Exposure: ☒ No ☐ Yes: _____

Medications: ☐ No ☐ Yes Med Profile: ☐ No ☐ Yes: _____    Pharmacy: DOC
Herbs and Supplements: ☒ No ☐ Yes: _____
Med Allergies: ☐ No ☒ Yes: Dermatt      Latex Allergy ☒ No ☐ Yes
Reason for Appt: Lower back Pain 8/10

New or unusual pain ☒ No ☐ Yes   score: _____    Signature: [signature]    Problem List: See LCR

## SUBJECTIVE/OBJECTIVE

44 yo ♂ c̄ PMHx Hep C, HTN, osteoarthritis, LBP     Meds: Methadone 3mg BID
RTC fu f/u. Last seen 7/07.

Since last visit back pain worse. Pain located
diffusely low back R > L, c̄ int radiation @ L&4
R knee "grinding" in back, "on fire" in legs.
Worse c̄ any movement, staying in one position
too long, sitting, standing, walking s̄ c̄ exit.
Better if lying down. Methadone not helping
as much in past.

Stryker sent old records to DHHC, but
unable to find in ?file

Exam: NAD, alert, c̄ skin behaviors
· Midline scar, well healed.
· Flex finger below knees, ↓ ext, but the
  ® mFL; TTP midline @ paraspinals
· ® facet loading ⊕; + the ® SI
  Strength 5/5 BLES c̄ giveway
  ® HF 4 RE
  Sensation diffusely ↓ inconsistently
  ↓ to LT ® LE; intact ® c̄ q
  DTR 2+ ⊕ ® patella, achilles.

Working Dx: ① Chronic LBP
  ② s/p fusion L4-S1 1989
     c̄ hardware removal 1992

## ASSESSMENT/PLAN

44 yo ♂ c̄ chronic LBP, s/p fusion L4-S1
1989 c̄ hardware removal 1992 Exam
exit clear facet dz or radiculopathy but
↓ reliability 2/2 exam unhelishment

- cont Methadone 3mg BID. W/ ↑
  @ this time
- start Celebrex 100mg BID
- L-spine c̄ flex/ext
- Based on x-rays, symptoms & exam
  on f/u, may consider MRI for further
  eval. Zanaflex may also be symp[...]

PMTR STAFF · Hx + PE Reviewed +
PLAN FORMULATED c̄ DR Schoenheiter
Agree c̄ documentation. Advance
activity level - liberal can tolerate
sedentary work level. c̄ ↑ Methadone
dosing - Long term goal should be
functional repair to D/C Methadone.

## Patient/Family Education/Instructions:

RETURN VISIT: MSK 2 in 4-6 wks

CAREGIVER: [signature]    # 104489
ATTENDING: [signature] FSVC    # 091124

F24-703 (8/02) Page 1 of 1

156

915AM  8-25-03

# DENVER HEALTH MEDICAL CENTER
## OUTPATIENT ENCOUNTER RECORD
### ADULT MEDICAL SUBSPECIALTY CLINICS

Date: 08/25/03  HSC: MRE
Name: 2 19 30 85   M   12/16/1958
G08                  DVR: Y
MR #: 1:  2:  RX:  IP:
PCP:
PHN: (303)307-2307   MRLO: DGOP
SS#:
DOB: _____  Age: _____
Phone Number(s):
Home:
Work:

H: Clinic: MSK 1   Primary Language: Eng
BP 153/107  T 97.7 P 86  RR 15  O2Sat 96
Age: 44  WT. 242  HT. 5' 11"  LMP: ___
Tobacco Exposure ☒ No ☐ Yes: _____

Medications: ☐ No ☒ Yes  Med Profile: ☒ No ☐ Yes: ___    Pharmacy: DOC
Herbs and Supplements: ☒ No ☐ Yes: ___
Med Allergies: ☐ No ☒ Yes: Darvocet    Latex Allergy ☐ No ☐ Yes
Reason for Appt: Ch. Back Pain c/f/a     H.B.P.
New or unusual pain ☒ No ☐ Yes   score: ___    Signature: Ashiof     Problem List: See LCR

SUBJECTIVE/OBJECTIVE   Last seen 5/1/03      DOC

Dx ① Chronic LBP                              Motrin 500 BID
    ② s/p Fusion L4-5, '89                    Tadroxydize
       hardware removal '96                   Piclinix

Lumbar X-ray 5/1/03 c Flex/Ext.
Stable Fusion L4-5.

Pt reports continued back pain c radiation BLE L>R
Reporting much worse now        ASSESSMENT/PLAN
since d/c methadone aprox     * Previous note from Dr Fine indicates
1 month ago. Pt reporting.      not much more to offer. Continue
worse c any movement +         Methadone 30 BID, Celebrex 100 BID
lying supine for extended periods
of time.                        A/P chronic LBP s/p fusion L4-5,
PE                              ① Would continue methadone
TTP ® paraspinals mid lumbar→     @ previous dose of 30 mg BID
to buttocks ① ⊖ midline        ② Recommend EMG to establish
tenderness.                        baseline, d/c neuropathic
MMT strength 5/5 BLE               component in evidence of nerve injury
c painaway ® DF.               ③ Recommend egg crate
Sensation difficult to assess      mattress
2° inconsistency c exam.                                    8/26/03
⊕ SLR B, ⊖ shar rotation.      AHS Staff. Pt examined c
⊕ skin Roll.                   case reviewed c Dr Lewis. Concur
                               with documentation of exam. Pain
                               appears 1° mechanical yet may have
                               had neurogenic component. ⊖ evidence
Patient/Family Education/Instructions: Neurology progression
or mechanical instability. Nonsurgical.
RETURN VISIT: after EMG Otherwise PRN

F24-703 (8/02) Page 1 of 1    CAREGIVER _____ # 117432
                              ATTENDING _____

# Social Security Administration
# **Supplemental Security Income**
## Notice of Reconsideration

Date: 5/22/96

Claim Number:
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

Dean R denton
1112 E Columbia St
Colorado Sgps    CO    80903

After carefully reviewing all of the information on your claim, we have made a disability hearing decision.

It has been determined that your disability continues.

The hearing decision on your claim is attached to this letter. The decision deals only with whether you are disabled or blind under the Social Security law. If this decision causes a change in the payments you are receiving, you will get another letter soon.

If you think that the hearing decision is right, you do not have to do anything. If you think that the hearing decision is wrong, you may ask for a hearing by an administrative law judge of the Office of Hearings and Appeals.

## Your Right To Appeal

You have 60 days to appeal in writing after you get this notice. If you wait more than 60 days, we will not hold a hearing unless you have a good reason. You can appeal by writing to a Social Security office or by coming into an office. The back of this notice tells you more about the appeal.

## If You Have Any Questions

If you have any questions, you should call, write or visit any Social Security office. If you visit an office, please bring this letter. It will help us answer your questions.



------------------------------------------------------------------

Paperwork/Privacy Act Notice:  The Social Security Administration is
authorized to collect the information on this form under Section 205(a),
1631(e)(1)(A) and (B), and 1872, of the Social Security Act, as amended (42
U.S.C. 405, 1383, and 1395 ii).  Giving us this information is mandatory.

The information of this form will aid the Disability Hearing Officers in
conducting hearings and in preparing disability decisions.  It will be made a
part of the claims folder, and be subject to its rules concerning disclosure.
------------------------------------------------------------------

-

HEARING DATE: 5/17/96

CLAIMANT'S NAME:  Dean R. Denton

NUMBER HOLDER'S NAME

NUMBER HOLDERS SOCIAL SECURITY NUMBER:  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

TYPES OF CLAIMS

TITLE II     DIB_x_     DWB___     CDB___

TITLE XVI    Disability_x_     Blind___     Child___

The claimant was earlier notified that his/her disability:

Ceased:9/1/95

Present at the disability hearing were the following:

The claimant did not keep his scheduled hearing appointment.  A decision is
being rendered on the record.

------------------------------------------------------------------

The basic issue to be determined is whether the claimant is blind/disabled
under the definition of disability/blindness contained in Section 223(d) and
Section 1614 (a) of the Social Security Act, taking into account, when
applicable, the standard of review for termination of disability benefits
contained in Section 223(f) and 1614(a)(5) of the Social Security Act.

------------------------------------------------------------------

-

Other issues are:

None
------------------------------------------------------------------
The Summary of Evidence, attached, lists medical/vocational reports in the
claims folder obtained prior to the disability hearing.

The claimant has submitted additional documentary evidence which consists of
the following:  None

FINDINGS OF FACT AND ANALYSIS OF EVIDENCE

------------------------------------------------------------------
The hearing officer has reviewed the medical, vocational and all

that the claimant described chronic bowel and bladder dysfunction, and he described constant low back pain, and pain in his hands, wrists, shoulders, elbows and knees. Dean also described poor sleep due to pain. He ambulated in an antalgic bent-over gait, and he did appear quite uncomfortable during the examination. SLR caused low back pain bilaterally. Pinprick sensation was diminished in the S1 distribution bilaterally. Motor exam was normal. He had diffuse swelling of the metacarpophalangeal joints and proximal and distal interphalangeal joints of both hands  There was tenderness of those joints and the wrists bilaterally. Wrist range of motion was limited. Shoulder range of motion was uncomfortable. Cervical range of motion was limited in all planes. Bilateral paralumbar and parathoracic muscles, and trapezius and paracervical muscles were tender. EMG studies done on 10/6/95 were normal.

## DISABILITY HEARING OFFICER'S DECISION

---------------------------------------------------------------------------
### Determination of Disability
---------------------------------------------------------------------------

1. The Social Security regulations require that a person's disability be determined through a series of evaluation steps. The first step is to determine whether or not the person is presently engaging in substantial gainful activity (20 CFR 404.1520(b); 20 CFR 416.920(b))1 This decision was made by the Social Security office before the disability hearing decision was issued. The decision was:

_X_ You are not engaging in substantial gainful activity.

_____You are engaging in substantial gainful activity but may be entitled to an extended period of disability, as described in SSR 82-67.

In making the determination of disability, the hearing officer will review the remaining evaluation steps. Depending upon the evaluation, the hearing officer may make a determination regarding the claimant's disability at various steps during the review.

2. Does claimant's impairment(s) meet or equal a current listed impairment?    No

The hearing officer will determine whether the impairment meets or equals an impairment in the Listing of Impairments in the Social Security regulations. The listing  contains many medical impairments which would normally prevent a person from doing any gainful activity. If a person's impairment(s) meets or equals an impairment in the listing, he/she will be found disabled. If the impairment does not, the hearing officer will continue to the next review step. (20 CFR 404.1594; 20 CFR 416.994(b).

Explain: The claimant has had a fusion of his back which is solid. Pinprick sensation is diminished bilaterally at the S1 distribution. Motor exam is normal. Cervical range of motion was limited. There is no indicated muscle spasm. The claimant does have pain. Wrist movement was limited and painful. The claimant does not meet or equal any Listed impairment for any disorder of the spine , or for arthritis of upper extremity joints.

3. Has there been medical improvement of claimant's impairment's since the comparison point decision?   Yes

The comparison point decision (CPD) is the most recent prior favorable medical decision that the person was disabled or continued to be disabled

information in the claimant's claims folder pertaining to the issue(s) described above. The hearing officer has also reviewed the testimony and any additional documentary evidence submitted at the disability hearing. After careful consideration of all evidence, the hearing officer makes the following findings and analysis of the evidence:

1. The claimant was awarded disability benefits effective 10/11/89 at the Comparison Point Decision (CPD) of 1/24/92 due to degenerative disc disease and an impingement syndrome of the shoulder. It was determined that his back problems, impingement problems, and pain would prevent him from working. Benefits were ceased effecter 9/1/95 when the claimant did not provide needed information on his pain and daily activities, and the extent of his functional limitations could not be determined.

2. At the CPD, the claimant was diagnosed with a herniated disk with facet arthropathy, severe, and in 11/90 he underwent a decompression disckectomy and laminectomy with a bilateral posterolateral effusion, L4 to sacrum. He also underwent facetectomies bilaterally at L4-5 and L5-S1 (Operatve note 11/6/90). Hardware used in the fusion of the back was removed on 7/30/91 (Penrose Hospital, operative note of 7/30/91). A report from Alan Murphy, M.D. dated 11/11/91 indicates that his back fusion is intact. The claimant reported some occasional dysesthesias down the legs, but no obvious radiculopathy. The claimant also has a history of an arthrodesis of the index and long carpal metacarpal joints on the right hand (St. Francis Hospital, operative note 9/23/91), and an anterior acromiolasty, subaromial bursectomy due to an impingement syndrome of the left shoulder (Penrose Hospital, surgical report of 2/28/91). A report from Robert J. Foster, M.D. dated 3/29/91 indicated that the claimant was doing well after his shoulder syrgery and now had full active range of motion. By 11/1/91 the hand x-rays showed the hand arthrodeses were healing (DR. Foster, report). The records at the CPD do not have specific notations of range of motion; neurological, sensory, motor deficits; or hand function after the above listed surgeries.

3. At the CPD, the claimant described headaches, left shoulder, low back, bilateral leg and wrist pain aggravated by cold weather, movement, bending and use of his hands. The pain was described as constant. Dean describes being able to cook, clean, do dishes and laundry, paying bills, watching TV, shopping and going out of the house without assistance He reports having to rest frequently, and leaving many tasks unfinished due to pain. (F109 and f112a dated 12/11/91)

4. During the Continuing Disability Review (CDR) , it was documented that the claimant underwent a new arthrodesis with internal fixation and bone graft of the right long metacarpal. The previous arthrodesis had failed (Robert Foster, M.D., operative note 8/25/94). An examination by Alan Murphy, M.D. on 11/8/94 when the claimant presented with a history of intractable low back and bilateral leg pain. There was diffuse tenderness to minimal palpation, and there was no range of motion of the spine. Straight Leg Raising (SLR) was positive. Patrick's test, and pyriformis tests were positive. Diffuse tenderness was present over the paraspinal muscles., There was no gross weakness or muscle atrophy on motor examination. An 11/7/94 MRI of the lumbar spine revealed an intact spinal fusion, moderate to severe degenerative facet hypertrophy at the L3-4 level, and degenerative disc disease with mild interspace narrowing at the L4-5 and L5-S1 levels (Memorial Hospital). A report by Ken Kurica, M.D. indicates that the claimant has undergone multiple medical procedures and pain management witout success. Dr Kurica found that the claimant had difficulty getting up from a flexed position, and that he could flex his spine to 40 degress, and extend to 10 degrees. Extension did increase pain. A repeat MRI was done at Penrose/St Francis on 3/11/95 (and was compared to an MRI done there on 3/15/94.), and noted a solid fusion L4 to S1, that the discs are dessicated at L4-5 and L5-S1 and have lost height, and that there was bilateral facet arthropathy at L3-4. Evaluation by Jack Rook, M.D., dated 9/8/95 indicates

Medical improvement is defined as any decrease in the medical severity (as shown by changes in the signs, symptoms and/or laboratory findings of the impairment(s) which was present at the CPD (20 CFR 404.1594;20CFR 416.994(b)). If medical improvement has occured, the hearing officer will continue to the next review step (step 4). However, if there has been no medical improvement, the next review step will be step 5.

Explain: At the CPD, the claimant had recently undergone a wrist arthrodesis that had not yet healed. At the CDR, it was documented that the arthrodsesis had failed, and that it was repeated. There is no current evidence of an unhealed or currently "failed" arthrodesis. This constitutes medical improvement.

4. If there has been medical improvement, is it related to the ability to do work? No

If a person's impairment(s) met or equalled the listing of impairments in effect at the CPD, the hearing officer will determine (considering only the impairment(s) present at the time of the CPD) whether that same listing, as it then appeared, continues to be met or equalled. If that listing is no longer met or equalled, medical improvement will be determined to be related to the ability to do work. If the CPD was based on medical/vocational considerations, the hearing officer will determine (considering only the impairment(s) present at the time of the CPD) the person's current residual functional capacity (RFC) and determine whether there has been an increase (improvement) in the person's RFC since the time of the CPD. 'Residual functional capacity' refers to those basic work activities a person can do despite his/her impairment(s). If there has been an increase in RFC, medical improvement will be determined to be related to the ability to work. If medical improvement is not related to the ability to work, the hearing officer will continue to the next review step (step 5). However, if medical improvement is related to the ability to do work, the next review step will be step 6. (CFR 404.1594;20CFR416.994(b))

Explain: The claimant continues to have wrist tenderness, limited movement of the wrist, and pain of the wrist. Additionally, he has diffuse swelling of the metacarpophalangeal joints and proximal joints and distal interphalangeal joints of BOTH hands. If the arthrodesis is successful, the claimants pain and ability to effectively use his hands has not improved. The claimant has a solid back fusion, and it was also solid at the CPD. The claimant was ceased benefits because he did not provide (after repeated requests) information on his pain and daily activities. The reason for the claimant's ability to cooperate is not known, but application of a group II exception to medical improvement under DI 28075.100 does not appear warranted. The evaluation by Jack Rook, M.D. indicates that the claimant was continuing to have pain in the low back, wrists, shoulders, elbows and knees. The pain made it difficult for the claimant to sleep. SLR caused low back pain. On exam limited movement of the neck, back, and hands are noted. There is tenderness. The claimant was "quite uncomfortable during the exam", and he had an antalgic bent over gait. The reports from Ken Kurica, M.D. indicate that the claimant has had multiple surgical procedures and pain management WITHOUT SUCCESS. On the SSA-782-BK form on record dated 11/15/95 the claimant stated that he "suffer (s) constant pain". On the SSA-454-BK dated 6/7/95 the claimant says that he has constant pain, and he says on most days it is difficult to get out of bed, and that he has a problem walking up to 200 feet. He reports that daily chores "usually takes me all day" (due to pain). He reports that he has difficulty sleeping due to pain, has trouble driving because of pain, that he cannot sit for very long, and that he has difficulty getting in and out of a car. PLEASE REFER TO FINDING OF FACT 4 FOR CURRENT PHYSICAL AND X-RAY FINDINGS. Current physical findings, are determined to be a reasonable physical basis for the claimant's pain. It is determined that there is sufficient evidence, and information on the

related to his ability to work has been demonstrated. The preponderence of evidence indicates that the claimant continues to be totally disabled and the state agency's cessation of benefits on the basis that the claimant did not return their forms on pain and daily activites was unwarranted. Disability continues.

Are there other issues relating to this determination? No

CONCLUSION

------------------------------------------------------------------------

The CLAIMANT is found to be:

DISABLED  X

DISABILITY HEARINGS OFFICER'S DECISION    DATE 5/21/96

*Marvin L. McCarl* (signature)

MARVIN L. McCARL

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2862 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

June 9, 2005

RE: Grievance #C-CT04/05-207

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to mental health.

In review of this matter I find that you have been evaluated through a mental health staffing pertaining to pain control and other issues. I cannot second guess the professional opinion of mental health providers which were present, as I am not a mental health professional. Your treatment appears to be adequate and appropriate for your condition and has been discussed at length with you pertaining to pain control. I do not find that DOC was or is deliberately indifferent to your mental health condition and therefore I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    Tom Kolle

C-C.T.-04/05-207

DC FORM 850-4A (06/04)

COLORADO DEPARTMENT OF CORRECTIONS  OFFENDER GRIEVANCE FORM

| Grievance Number | STEP (Circle One) 1  2 ③  ADA? Yes ☐ No ☐ |
|---|---|

| NAME  Dean Denton | DOC NO.  108801 | FACILITY  C.T.C.F. / U-7 |
|---|---|---|

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:  Rene Martinez is a medical personnel who has no rights to the Step II grievance. The specific issues are that I had a meeting with Dr. Diamond , La donna Webb and John O'Sullivian whom all are mental health workers. The M.H. deoartment and Medical are separate issues. Although I was brought to a staffing, I never agreed to any of the abuse taking place accept that if I was forced off Methadone against the pain Specialists visits condoning the use of methadone, then La Danna Webb should have advised all present at Staffing to the fact she sat in with Dr. Diamond whom had agreed to comply with the Pain Specialists orders. La Danna Webb was an actual witness to a medical Mental Health decision made in my care by the acting director of D.O.C.. During Staffing La Donna Webb Deliberatelly Refused to convey the meeting decisions she and John O'Sullivian Witnessed as a direct Medical / Mental Health official Decision. La Donna Webb here and now is suppressing these facts to my medical decisions made to comply with the Pain Specialist's evaluation. La Donna Webb has denied these matters on two or more occasions with the intent to cause harm to a disabled inmate. I have repeatedly asked to have her notify Dr. Karry Shames to the Past decisions in my Pain care management. I now ask again that she send a documented letter stating the facts of the meeting with Dr. Diamond and the course of action that was promised would follow once returned for the pain specialist. LaDonna Webb & John O'Sullivian are suppressing the medical / Mental health facts to cover up the facts of needing Chronic Care Medications. I ask that La Donna Webb Document all she heard and provide myself with a copy as well as Dr. Karry Shames whom is denying all past patient care. La Donna Webb must document the Mental/ Medical facts as visi

| DATE:  1/13/05 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

C-cto 4/05-207

DC FORM 850-4A (06/04)

**COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM**

| Grievance Number | CT 04/05-207 | STEP (Circle One) 1 (2) 3 | ADA? Yes ☐ No ☐ | | |
|---|---|---|---|---|---|
| NAME | Dean R. Denton | | DOC NO. 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:  Even though I have been set to see the Psychiatrist, The facts are still the same to the specific refusal of La Donna Webb to confirm information she was involved in deciding at a meeting with the Head Medical Director, "Dr. Diamond" July 28Th 2003.

Because I was taken off my Medication through a staffing that La Donna Webb attended this November 22Nd 2004 I am still claiming that the same matter had been resolved, La Donna had previously looked for the Typed Transcripts of the matter being decided July 25Th 2002, and claims the reports are not in my M.H. file, but the file states to review the notes in file. This brings two separate occasions of the knowledge being available, but removed of purposely with held from my Medical M.H. treatment. Because La Donna Webb knew these facts concerning my past care and that I was sent by the Head Of Medical to see a specialist in Pain Management, and did not confirm any of this in favor of the patient "PROVES" she acted with Malace with the intent to case me Harm , Deliberate Indifference, and falsifying or removing past records nor confirming decisions she was widely aware of. I ask that She immediately call Dr. Karry – Shames "New Medical Director" advising him to the situation this matter has been previously decided, Therein not being legal to take me off my medications without a specialist order. I have seen the specialist in pain three times, with the matter resolved.  To hold and conceal this information, or to allow the refual of medial care or Psychiatry that has been decided by refering a person to a specialist in again a violation of he registrations. If I had cancer and saw a specialist, I would get meds, But if in pain None. La Donna Knows this matter was decided, and needs to fix the problem to call, Meet, or Hire another Pain Specialist.

| DATE: 12/19/04 | OFFENDER SIGNATURE | DRR |
|---|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE  Mr. Denton in regard to your claims of deliberate indifference and failure to treat your pain, I wish to remind you that I too was praint at your staffing. We visited at length regarding the more conservative chronic pain policy adapted by CDOC, and how that would be implemented at CTCF. Although narcotics are no longer recommended for your chronic pain you were given several other options for adjunctive therapy. Some of these you refused and others you accepted. Decycd & Elavil were refused and the Benadryl wasing was ordered as aried upon. We webb in noway has harmed you as you accuse in fact has merely tried to schedule you with your preferred prouiders. This shows

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. actions completely opposite of your implication. Grievance is denied.

| DATE: 12/23/04 | SIGNATURE/PRINT NAME & Staff ID # Marlene RN #30 4967 Xene Murtmer |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 12-20-4 | SIGNATURE/PRINT NAME & Staff ID # Cube Morse |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 1-11-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # DRR |
|---|---|



Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number ___C-ctc4/05-207___ STEP (Circle One) ①② 2 3    ADA? Yes ☐ No ☐

| NAME  Dean Denton | DOC NO.  108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

| Instructions: | 1. | FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED; |
|---|---|---|
| *M^H^o* | 2. | CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL; |
|  | 3. | STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING; |
|  | 4. | ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS |

Subject of Grievance and Requested Remedy: Mental Health is again refusing me care and the ability to see the Doctor/ Psychiatrist. During staffing with medical on 11/22/04 I was removed off Methadone and Klonopin by medical services. Mental Health staff Member La Donna Webb was present. During this staffing La Donna Webb refused to disclose the information that she was aware of this same situation being resolved prior with the acting Medical Director at that time for all of D.O.C. In addition during this staffing La Donna Webb asked me if I would like to come back with her and try some relaxation therapy, which I denied. La Donna Webb asked at a separate time if I would like to see the Psychiatrist, which I said (YES) and that I was aware that the Doctor/-Psychiatrist was going to be here on the 29Th, of November and could I see him. No word has been sent to me by M.H. and several Psychiatrist appointments have passed since the date I – asked to see one. Apparently La Donna Webb never had any intentions in helping with the bad problems I am experiencing while in pain and the horrible effects of Methadone removal that was against the Pain Specialist's orders she knew I went to see during the past meeting with Dr. Diamond, Head Medical and Pshiatry Doctor . Therein I am being refused all Mental Health resolve in my M.H. problems. La Donna Webb could have notified the Staffing doctor of final decisions made prior in my care and could have let me see the Psychiatrist as she said. Concluding that all services are being refused to me as stated.  In mentioning that I did receive a Grievance returned from medical stating I refused all M.H. requests for help at such staffing mentioned. This is not true as La Donna Webb Knows. . I request that La Donna Webb set me to see the Psychiatrist A.S.A.P. and calls Doctor Kerry Shames in Colorado Spring Head Office advising him of the true facts decided in my medical care during the past meeting with Dr. Diamond, La Donna Webb, & John O'Sullivan.. This matter is serious and falls under unprofessional conduct by a M.H. worker in hiding the past med decisions witnessed by her.

| DATE: 12/6/04 | OFFENDER SIGNATURE [signature] | [signature] X |
|---|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE  You have not been denied mental health access. You were scheduled with Dr. Astafan on 12/28/04 at 2:00 p.m. You were not scheduled earlier because you refuse to see Dr. Smyrl and you refuse to see the Nurse Practitioner Patricia Lawrence. The "staffing doctor" which you refer to is Dr. Neufeld, who had complete access to all of Your records. Grievance Denied.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 12/13/4 | SIGNATURE/PRINT NAME& Staff ID # [signature] 5816 |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: |
| DATE: 12-8-4 | SIGNATURE/PRINT NAME & Staff ID # (Public Morse 681) |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. |
| DATE: 12-17-04 | OFFENDER SIGNATURE/PRINT NAME & DOC # [signature] |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2662 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

April 21, 2005

RE: Grievance #C-CT04/05-121

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to medical treatment.

In review of this matter I find that you have been medically evaluated by Dr. Aasen. I cannot second guess the medical, professional opinion of Dr. Aasen as I am not a medical professional. In his opinion an MRI would not be beneficial for diagnostic purposes at this time. Your treatment appears to be adequate and appropriate for your condition. I do not find that DOC was or is deliberately indifferent to your medical condition and therefore I cannot recommend any relief in this matter.

I have also reviewed your attached letter of 12/7/04 pertaining to an alleged conflict. Currently, I am the only Step 3 grievance officer and I will evaluate your grievances will all due diligence, as I do all offenders' grievances, and issue my opinion in accordance with facts and the appropriate authority. A prior conflict would prohibit me from representing you or giving you legal advice. This process entails neither of those actions. I never gave you false advice or lied to you in my capacity as an access attorney, as you allege in your letter. The conflict occurred either because you named me as a defendant in a civil action or you filed a complaint against me with the attorney regulation committee. In any event, no action was taken against me based upon your claims.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
Tom Kolle

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number 04/05-121        STEP (Circle One) 1  2  ③     ADA? Yes ☐ No ☐

| NAME Dean Ross Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
| --- | --- | --- |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS

Subject of Grievance and Requested Remedy: This Step III is in reference to Dr. Aasen & Newfeld stopping my M.R.I. test. Upon return from Denver Health Pain Clinic as sent by D.O.C. past Doctors, I was set for a E.M.G. in my lower legs and back by Dr. Cabling. His findings suggested that I get a M.R.I. according to the amount of pain and problems with my legs and feet. I asked Doctor Cabling why my feet hurt so bad and he answered that I had serious nerve damage and needed a M.R.I.. At that time Dr. Gul had complied with the pain specialist's orders and kept me on Methadone pain relief. Dr. McLaughin then took over the medical department and kept me on the methadone until I received a M.R.I. so he then could have the results to the possibility of never damage or worse. I have had two prior back surgeries that are now causing me this pain. The facts that require a M.R.I. are that conventional X-Rays cannot see the inner parts of the spine and inside of the fused area of my back that could have extra bone growth pushing on a nerve.. Now that new medical personnel have taken over the facility they have stopped the M.R.I. even though Colorado Access has agreed to pay for it. For a whole year I asked at almost every visit to the fact I should be going to the M.R.I. soon and was told I was scheduled. A whole year later I find out they have canceled- it without a word to me. Therefore I am being refused medical care as these doctors have also stopped my pain medication without any concern for the specialist's reports. They staffed me and I was clear to the fact I did not agree with their methods and requested medical care. I am forced to work or be wrote-up again, but am now told that I am active enough to not need the M.R.I. while on meds. They have stopped my meds and I am in even more pain than before. I have proof of my past and current diagnosis of Chronic Intractable Pain under C.R.S. 12-36-117-1.5(bb)(a & B) and still refuse medical care. I request to receive a M.R.I. A.S.A.P. due to the unprofessional taking of a test pre-approved by the D.O.C. doctors prior. I need the tests.

| DATE: 12/7/04 | OFFENDER SIGNATURE | |
| --- | --- | --- |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| --- | --- |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| --- | --- |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
| --- | --- |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)



Attachment "A"
Page 1 of 1

O-ct04/05 - 121

Grievance Number CT-04/05-121   STEP (Circle One) 1 ② 3   ADA? Yes ☐ No ☐

| NAME  Dean Denton | DOC NO.  108801 | FACILITY  C.T.C.F. / U-7 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS

Subject of Grievance and Requested Remedy:   The medical department C/O DR. AASEN is still refusing me any sort of medical care for my back and leg pain. THe specific refusal is over the M.R.I. that I was to receive and was ordered and then stopped by Dr. AASEN purposely. He then suggests that I have a level of activity that unwarrents a M.R.I. . Dr.'s throughout my stay in D.O.C. know and have seen me go from bed ridden to being able to funtion in a manner that gets me around the facility without help due to medication that I take for pain. The Medical Dept. through all the past doctors have asked that I see a Doctor whom specializes in the field of pain and problems that I have. Dr. Lilly first suggested a M.R.I. on April 16th, 2002 without any success.  The situation has been recommended repeatedly over and over where Other Dr. Specialist's ask for this test and I am denied. Dr. Cabling at this facility did order me to receive a M.R.I. after doing a E.M.G. Aug/Sept 2003 upon return from the pain specialist in Denver. Colorado Access approved the test and the cost to the test.. This was at the time what the D.O.C. Territorial Doctor wanted so that he could then ajust the pain relief I would receive. ,. As stated in the Step one. DR. AASEN saw me regularly and each time I saw him or Russ Cherne they both said I was scheduled over and over. THe Doctor had make special arrangements that I receive Klonopin prior to the trip and then stopped the test for reasons that he is now denying proper medical care and proper test and medications needed for pain.. To resolve this matter I am requesting that I receive a M.R.I. as scheduled before at Saint Mary Corwin or where-ever they do it arround here/. A M.R.I. is the only test that they can do to see if nerve impingement. Without the M.R.I. DR. AASEN cannot say if I have damage nor if I do not have damage for the need for meds. The one thing that is always left out is that I have been diagnosed with intractable back pain by a specialist. The back surgeries were documented to have failed and officially I was buchered by the surgeion.

| DATE:  11/4/04 | OFFENDER SIGNATURE  D W R |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE   After reviewing your case and current level of functioning and you are working and able to function primarily independently. Dr. Aasen is our primary medical provider at CTCF and does not believe an MRI is warranted at this time. Should your condition worsen or require further testing — you may be eligible at some time in the future. Grievance is denied at this _____.

u are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| .TE:  11/10/04 | SIGNATURE/PRINT NAME& Staff ID #  W Martin BSA  4967  Renee Martinez |
|---|---|

EIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| TE:  1-16-4 | SIGNATURE/PRINT NAME & Staff ID #  Robbie Moore DSC |
|---|---|

EIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| TE:  1-3-04 | OFFENDER SIGNATURE/PRINT NAME & DOC #  D.02 R |
|---|---|

al: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

C-Ctcf/05-121

rievance Number _____ C-Ctcf/05-121 _____ STEP (Circle One) ① 2 3 ADA? Yes ☐ No ☐

| NAME Dean Ross Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

struction: 
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Dr. Aasen and Medical are refusing me medical care that they have already approved with follow-up care that would be consistant with the care if given as planned. The specific's of the matter was that I was to get a M.R.I. of my Lumbar Back to show what extent the past failed surgeries has deteriorated into what condition. Several times I have had recommendations from specialist's such as Dr. Lilly and then the Pain Clinic in Denver Health who needed the M.R.I. / Dr. Cabling then ordered me the M.R.I. in Aug/Sept 2003 and the matter was approved by the Colorado Access who pays for the M.R.I. and must approve all treatments or special requests. I then had Dr. McLaughin whom correlated with Dr. Clabling and was awaiting for the test to be done for his own personal need so that he could continue to. order me the Methadone I have been taking since June 2001. Since the time Colorado Access did approve the M.R.I. , I have asked everytime that I have been in medical at least (10 to 15) times about the trip and was told that their was no problems and that I was still scheduled to go. for the M.R.I. ., This matter brings me to the fact Dr. Aasen has promised me I was going to get an M.R.I. for my back. HE even had to resolve a separate matter where I had to be put on Medication to be transported. It has been my knowledge that there was an order to give me Kolopin prior to the trip. Now Dr. Aasen is stating he has his hands tied by someone unnamed and thinking of decreasing my pain medications. This is not professional thinking and I was to get the M.R.I. to assist with the proof of the need for the pain meds.. It is a discrace, to believe in a professional Doctor and then have him completely turn all the care around I was getting for the basis of someone elses feelings about the medication, instead of the fact he was treating me with the medication because it was and is needed. Not because he has to please someone over his head in the department. I want my meds to stay continued and a M.R.II.,.

| DATE: 10/6/04 | OFFENDER SIGNATURE | |
|---|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE

We treat the patient, not the MRI. Your current level of Activity doesn't suggest that Another MRI would be helpful- even if Recommended by past MD's. You will be _____ in treatments.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 10/8/04 | SIGNATURE/PRINT NAME& Staff ID # | M Aa 11975 |
|---|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 10-13-4 | SIGNATURE/PRINT NAME & Staff ID # | Cubbie Mazel 6817 |
|---|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 11-3-04 | OFFENDER SIGNATURE/PRINT NAME & DOC # | |
|---|---|---|

final: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

DEAN ROSS DENTON
REGISTRATION NO. 108801
COLORADO TERRITORIAL CORRECTIONAL FACILITY
POST OFFICE BOX 1010
CANON CITY, CO. 81215

ATTENTION !                                                    JAN 7TH, 2005

ANTHONY DECESARO
STEP II GRIEVANCE OFFICER.
COLORADO DEPARTMENT OF CORRECTIONS.


RE: Greivances.


        First I have not received the Stepp III Grievance back numbered
C-C.T. -04/05-121 concerning the refused M.R.I. treatment.

        Second I am submitted Grievances C-C.T. 04/05-174 & C.T. o4/05-178
under the same circumstances that you and I have a ligit conflict inthat
you advised me in my Civil / Criminal matters with false information.

        We both agreed there was a general conflict between us and no further
contact would be made between us. Since then all of my Step III grievances
have all been denied no matter what the situation.

        Again these matters are medical, You do not hold a medical license to
properly answer any of the medical grievances. THese matters must be passed
onto the Head D.O.C. provider Dr. Karry Shames since he is the one making
the calls for the abuse to happen.

        Therefore if you still hold an attorneys lincense, you will be up for
disciplinary actions by the Attorney REgulation Counsel "Surpreme Court"

        These false matters are showingh their cycles in that not every single
grievance is untrue or false. THe Medical REcords are being falsified to
show false un-needed care, when a person needs care.


                                    Dean Denton

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2862 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

June 9, 2005

RE: Grievance #C-CT04/05-178

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to medical.

In review of this matter I find that you have been medically evaluated by Drs. Aasen and Nuefeld. I cannot second guess the medical, professional opinion of Dr. Aasen and Dr. Nuefeld as I am not a medical professional. Your treatment appears to be adequate and appropriate for your condition. You may however request a private physician appointment at your expense, if approved, per AR 700-21. I do not find that DOC was or is deliberately indifferent to your medical condition and therefore I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    Tom Kolle

_Med_

C-C T 04/05     COLORADO DEPARTMENT OF CORRECTIONS  OFFENDER GRIEVANCE FORM
   178

Grievance Number_____     STEP (Circle One)  1  2  ③     ADA?  Yes □ No □

| NAME | Dean Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:

| | 1. | FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED; |
| | 2. | CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL; |
| | 3. | STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING; |
| | 4. | ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS. |

Subject of Grievance and Requested Remedy: Again the Dr. Aasen writes non-sense to address the grievance None of the facts were addressed , with proof being that numerous times I advised the doctors that I could not take the medications they offered in exchange, but these advisements were not documented to this effect. This is failing to enter into the files important information concerning my health. The facts of the Narcotic Pain meds ordered by the same Pain Specialist D.O.C. Headquarters sent me to, does not excuse the facts I was advised more than twice that I would get the medications according to the pain specialists orders. In addition every exam I have had fails to word in my files the trouble I have, or the pain I am advising the doctors of which never gets into the files of my care. These practices are exactly what they are Falsifying or repeatedly making incorrect essential entries or repeatedly failing to make essential entries on patients records, C.R.S. 12-36-117 (1) (cc) Unprofessional Conduct, is only one bad practice concerning this matter.  If the facts are as they claim concerning the individual cases handled separately, then why has (95%) of the whole facility been removed off of pain medications at the same time. This shows alternate reasoning to the real reason with the med files being falsified to show other reasons. My Medical care proof that I suffer from Chronic Intractable Pain and the matters were resolved several time snow. To have a new doctor come in and change the orders is also a falsification of records. The abuse is real and the Legal term of Deliberate Indiffernce is proven to this abuse. I request to have all my Pain Medicines back and my care tansferred back to the Pain Specialist as it has been all along. There is not a thing wrong with receiving pain meds as ordered. I request the compliance of such orders.

| DATE: 1/5/05 | OFFENDER SIGNATURE | |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original:  Department File/AIC   Copies:  Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

DC FORM 850-4A (06/04)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

C-CT04/05-178

Grievance Number CT-04/05-178  STEP (Circle One) 1 ② 3   ADA? Yes ☐ No ☐

| NAME DEAN R. DENTON | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS

Subject of Grievance and Requested Remedy: Dr. Aasen and Dr. Newfeld are falsifying my medical condition in false attempts to stop all narcotic use in the facility. Although I attended a so called staffing, I specifically adived all present and again now that I do not condone this abuse in being removed of Methadone and Klonopin, as prescribed by the pain specialist's that the D.O.C. sent me to to get the medications,. I informed the doctors several times that this conduct was illeagal and immoral. The only part I agreed to, was that if they forcing the removal of all pain meds from the facility, That I would be tapered. At no time did I agree that I consented to the forced removal of the medication Methadone I have received since June 2001. The real facts were mentioned to the reason which is that all narcotic's are being removed from all inmates at this facility. For whatever reasons the doctors are alleged, The facts are all of the inmates at this facility have been removed at the same time as me. This shows the truth in the reasoning to the violations that are occuring against inmates and Me. I have been approved to receive these medications and because a or few new doctors have decided to cut all off them. does not account that they are violating my every right to pain control with narcotics as said and recorded by the pain specialist the Head Doctors agreed to from Colo. Springs Twice before in this matter. To come in and say No one can have them or me. is complete violations of cruel and unusual punishment, Constitutional Violations and medical Practice Act, Violations. The Fact these doctors took a Hippocratic Oath to care to the injured, and refusing chronic care shows specific intent to case harm and Deliberate Indifference towards me as an inmate in pain. I have been to the pain specialist three times with each time the same Methadone was ordered by them. THe order reads that Not much else can be done at this time. Meaning that I can only get pain releif from pain meds. Not Psychotropic meds for pain. I am in serious pain. and request to have the methadone reinstated as ordered by the pain specialist you sent me to.

DATE: 12/4/04  OFFENDER SIGNATURE

DATE RECEIVED  RESPONDING STAFF SIGNATURE & ID:

RESPONSE: I Agree with Dr Newfelds' Response. You had A staffing And you were offered other options for Pain management. Each case is handled on An individual Basis. No Records or conditions were fabified. This Grievance is Denied.

you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

DATE: 12/13/04  SIGNATURE/PRINT NAME& Staff ID # Mike Aasen 11975
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

DATE: 9-8-4  SIGNATURE/PRINT NAME & Staff ID # 6813
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

DATE: 1-5-05  OFFENDER SIGNATURE/PRINT NAME & DOC #

iginal: Department File/AIC  Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number _Q-C04/05 - ~~175~~ 178_  STEP (Circle One) **1** 2 3   ADA? Yes ☐ No ☐

| NAME Dean R. Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS

Subject of Grievance and Requested Remedy: Dr. Aasen is showing very unprofessional conduct in my medical care. This Grievance is for Dr. Aasen decreasing my pain meds "Methadone". Dr. Aasen and I have been over my medical condition and the facts that the the D.O.C. Head Office medical staff has had to intervene to achieve the care I was receiving prior to Dr. Aasen lowering the pain meds. I question that only a few months ago Dr. Aasen agreed to raise my methadone (10 Mgs) which I did receive for about 10-days. Dr. Aasen then agreed to raise the methadone another (10Mgs) due to the pain I described to him that I suffer from. Dr. Aasen had the Methadone raised to (80Mgs) and then called from the Colorado Springs Head Office having the Methadone reduced back to (60mg) the same amount I have been on since April 2002. This past matter was resolved by grievance No. (03/04-328) where Dr. Aasen agreed to keep me on (60MGs) Methadone and (2Mg) Klonopin dated 7/21 In August just a little over a month ago, I agreed to resolve Grievance (03/04-328) under the conditions that I would remain on the pain meds as agreed by doctor and recommended by the pain Specialist at Denver Health Pain Clinic.. Dr. Aasen has cut the methadone (20Mgs) against the procedures required for tapering a person on methadone. The correct amount is to decrease (5Mgs) every (10) to (14) days. Dr,. Aasen knows that the methadone controls my pain especially with with the Klonopin mixed with it. Dr. Aasen has never mentioned a word about my not needing the pain meds, But keeps talking about how he has to take just inmates off of methadone. This has nothing to do with the need to control pain, but that someone who hired him is saying to decrease the use of pain meds. Dr. Aasen is showing less than the standards of medical care and has no actual knowledge of the many people and trips I have made to the pain specialist whom D.O.C. said they would agree with whatever the pain specialist said. I am asking to have my pain meds Methadone placed back to the normal amount of (60mgs) with the Klonopin as it has been ordered. I am a chronic Pain Patient and request the pain meds as I was told I'd live on the rest of my life

| DATE: 10/14/04 | OFFENDER SIGNATURE _DRR_ |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE

The issue of pain management for you was individually addressed at your "staffing" today. You refused mental Health for stress management and refused adjuvant R's like Elavil, Doxepim, etc. Your biggest concern was how to keep getting methadone which is not medically necessary & contraindicated for long-term musculoskeletal pain. You accepted our plan to taper you off the methadone. This grievance is resolved per "staffing"

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 11-22-04 | SIGNATURE/PRINT NAME & Staff ID # _____ 1215 |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 11-16-4 | SIGNATURE/PRINT NAME & Staff ID # _Cynthia Mozzel 8612_ |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 12-3-04 | OFFENDER SIGNATURE/PRINT NAME & DOC # _DRR_ |
|---|---|

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

C-C.T.04/05-174          COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number _____     STEP (Circle One) 1  2 (3)    ADA? Yes ☐ No ☐

| NAME | Dean R. Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:   The facts are clear to my disabilities which are legal under the U.S. Goverment. I received a full disability upon my arrival to Prison and have continously been forced to work, Medical care items refused, No Back Brace, or any items generally accepted by any person would see  needed. The restrictions are in place one minute and not the next. Such as a single cell one month and another doctor takes it away. The medical here does not comply with specialist orders or recommendations to provide care or items as needed. The last trip to the Pain Specialist had a Recommendation for a Egg Crate Mattress and medications, These are not allowed according to Medical Staff now. In all the facts speak for themselfs in a system of unprofessional counduct by such doctors, knowingly and willingly to deny all care or specialist orders.  This matter requests that the Single cell be re-instated as ordered for a whole year, but taken by another doctor not still here, and all other restrictions be put back to their original status. The facts are I am fully disabled and suffering to the abuse of forced work.  In addition such staffing that was no more than a circus of improper actions being justified as a medical meeting is a lie. Nothing such as restrictions was ever decided there. Which shows the truth to the facts. How could I be staffed on these issues when they did not come up at the staffing.. The Single Cell was taken thereafter by an abusive doctor. Again I request to have the restrictions placed back to their original status.

| DATE: 12/5/05 | OFFENDER SIGNATURE | |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)



# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

C-CTCF/04/05-174

Grievance Number ___C.T./04/05-174___ STEP (Circle One) 1 (2) 3    ADA? Yes ☐ No ☐

| NAME Dean R. Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |

Instructions: 
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS

Subject of Grievance and Requested Remedy:   This grievance is not resolved. Dr. Aasen and Newfeld are now taking away every restriction that has been decided by every doctor since my arrival. It a simple matter to see they are falsying records to adjust the medical status in the manner they want , No matter what is wrong with me. No concerns are being allowed to the fact I have failed back surgeries numerous injuries since with limited use of my hands. Even with all the prior restrictions I had before this abuse, I was forced to have to work or school. both due to the way medical listed the restrictions. I was wrote-up at A.V.C.F. for not being able to do the work due to my back. Warden Soarses expunged the write-up after my trip to the pain specialist and a meeting set up by the head D.O.C. office in their attempts to straighten out my neglected medical care back then. I am forced to work or be wrote up and punished. I hurt bad working even with my pain meds.. I am now without pain meds and in extreme pain and forced to work under the abuse of neglectfor doctors mentioned. Without a job I am refused a single cell in addition. Medical has all of my social securuty disability papers, Disibility reports for my pain specialist before arrest and reports from the pain specialist the D.O.C. sent me to. Currently I no longer have a low bunk status and would not be able to get on a top bunk due to the fusion in my back. 90% of the time I must crawl on the floor to get something off the floor. Now that they have illeagly removed my pain medications. I am unable to move as well as I can on pain meds. This matter was not agreed to in the staffing and the doctors refuse to look at any of the specialist documents . No records have been requested , Nor have they done any surgeries to cure my pain. In fact I am now being refused all medical care for pain, making my restrictions worse in any-thing more than walking with a cane at distances or standing still, and the forced worke as medical makes the restrictions. I am requesting all my restrictions be retirned to they original state and all new restrictions such as single cell be reinstated as permanate .---------------

| DATE: 12/4/04 | OFFENDER SIGNATURE | |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE  You have Been offered Other options for pain management And Did have a staffing over this matter. I Agree with Dr Newfelds Response. Grievance is Denied.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 12/23/04 | SIGNATURE/PRINT NAME& Staff ID # ___ Mille Aasen 11975 ___ |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 12-8-4 | SIGNATURE/PRINT NAME & Staff ID # ___ |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: 1-5-04 | OFFENDER SIGNATURE/PRINT NAME & DOC # ___ |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number  C-ctc4/05-174

STEP (Circle One) 1 2 3  ADA? Yes ☐ No ☐

| NAME Dean Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: This Grievance is in reference to the Doctors changing my medical restrictions to "LESSER"," "TEMP,""AND TAKEN OFF THE COMPUTER". Upon my arrival to the D.R.D.C. I was evaluated and all my records of failed surgeries, Social Security Disability Reports and all records of my disabilities were reviewed. The D.R.D.C. set me standards that comply with my disabilities. Sicne then I have seen many D.O.C. doctors whom are paid to not see the same kinds of disabilities. These doctors have sent me to doctors they pay for their opinions. Dr. Lilly recommended I be' sent to a pain specialist. D.O.C. Medical Doctors sent me to the Pain Specialist (3) separate times with the diagnosis everytime being to treat the Chronic Intractable Pain I have, with Methadone 30 Mgs Twice a day. At no time has the D.O.C. Medical Department or any Doctors of any kind since my arrival "Cure," "Operate," "Or Anything" to change my condition of disability or injuries. In the very most I was allowed Medication as ordered by the Pain Specialist, and other restrictions that add to assist me such as Lower Lever, Lower Bunk, Single Cell, Cane, Wedge Pillow, Ect./ It has come to my attention that in the computer of my case manager the restrictions have been changed from the renewed list I just received from Dr. Aasen on 9/10/05. One month later I now find out that many of the restrictions are now missing or changed, Three now say temporary. At no time has D.O.C. healed me in any way. They are taking away my meds which I am down to half now and in severe pain without them. The only thing that has been done for my condition is provide me the medications "Methadone", "Klonopin", that helped control my pain prior to my arrest and prison and while in prison. The doctors tried to get me to take a medication that that I cannot take. I have tried the medication,Elevil numerous times without any help and bad side effects,. The facts of the matter is that the Doctors Assen , & Newfeld, are really falsifying the records to reflect false evaluations to not care for me. I recuest all my restrictions to be reinstated equal to D.R.D.C. & Single Cell

| DATE: 11/9/04 | OFFENDER SIGNATURE  DR Den |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE

The issues in this grievance were addressed at your "staffing" on 11-22-04 You have the proper restrictions in place on the computer. A single cell is not a medical necessity. I found no medical justification for this grievance. As per your "staffing" this grievance is considered resolved.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 11-22-04 | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 11-16-04 | SIGNATURE/PRINT NAME & Staff ID # Public Ho 26817 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: 123.04 | OFFENDER SIGNATURE/PRINT NAME & DOC # DR DR |

Original: Department File/AIC  Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

*Med*

DC FORM 850-4A (06/04)

C-C.T.04/05-174          COLORADO DEPARTMENT OF CORRECTIONS  OFFENDER GRIEVANCE FORM

Grievance Number _____ STEP (Circle One)  1  2  ③  ADA? Yes ☐ No ☐

| NAME | Dean R. Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:    The facts are clear to my disabilities which are legal under the U.S. Goverment. I received a full disability upon my arrival to Prison and have continously been forced to work, Medical care items refused No Back Brace, or any items generally accepted by any person would see needed. The restrictions are in place one minute and not the next. Such as a single cell one month and another doctor takes it away. The medical here does not comply with specialist orders or recommendations to provide care or items as needed. The last trip to the Pain Specialist had a Recommendation for a Egg Crate Mattress and medications, These are not allowed according to Medical Staff now. In all the facts speak for themselfs in a system of unprofessional counduct by such doctors, knowingly and willingly to deny all care or specialist orders.  This matter requests that the Single cell be re-instated as ordered for a whole year, but taken by another doctor not still here, and all other restrictions be put back to their original status. The facts are I am fully disabled and suffering to the abuse of forced work.  In addition such staffing that was no more than a circus of impropper actions being justified as a medical meeting is a lie. Nothing such as restrictions was ever decided there. Which shows the truth to the facts. How could I be staffed on these issues when they did not come up at the staffing.. The Single Cell was taken thereafter by an abusive doctor. Again I request to have the restrictions placed back to their original status.

| DATE: 12/5/05 | OFFENDER SIGNATURE | |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

# COLORADO DEPARTMENT OF CORRECTIONS  OFFENDER GRIEVANCE FORM

Grievance Number _C.T./04/05—174_   (handwritten: C-CT-04/05—174)   STEP (Circle One)  1  (2)  3    ADA? Yes ☐ No ☐

| NAME  Dean R. Denton | DOC NO.  108801 | FACILITY  C.T.C.F. / U-7 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:   This grievance is not resolved. Dr. Aasen and Newfeld are now taking away every restriction that has been decided by every doctor since my arrival. It a simple matter to see they are falsying records to adjust the medical status in the manner they want, No matter what is wrong with me. No concerns are being allowed to the fact I have failed back surgeries numerous injuries since with limited use of my hands. Even with all the prior restrictions I had before this abuse, I was forced to have to work or school. both due to the way medical listed the restrictions. I was wrote-up at A.V.C.F. for not being able to do the work due to my back. Warden Soarses expunged the write-up after my trip to the pain specialist and a meeting set up by the head D.O.C. office in their attempts to straighten out my neglected medical care back then. I am forced to work or be wrote up and punnished. I hurt bad working even with my pain meds.. I am now without pain meds and in extreme pain and forced to work under the abuse of neglectfor doctors mentioned. Without a job I am refused a single cell in addition. Medical has all of my social securuty disability papers, Disibility reports for my pain specialist before arrest and reports from the pain specialist the D.O.C. sent me to. Currently I no longer have a low bunk status and would not be able to get on a top bunk due to the fusion in my back. 90% of the time I must crawl on the floor to get something off the floor. Now that they have illeagly removed my pain medications. I am unable to move as well as I can on pain meds. This matter was not agreed to in the staffing and the doctors refuse to look at any of the specialist documents . No records have been requested , Nor have they done any surgeries to cure my pain. In fact I am now being refused all medical care for pain , making my restrictions worse in any-thing more than walking with a cane at distances or standing still, and the forced worke as medical makes the restrictions. I am requesting all my restrictions be retirned to they original state and all new restrictions such as single cell be reinstated as permanate .————————

| DATE:  12/4/04 | OFFENDER SIGNATURE   (signed) |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE   You have Been offered Other options for pain management And Did have a Snaffing over this matter. I Agree with Mr Newfelds Response. Grievance is Denied.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 12/23/04 | SIGNATURE/PRINT NAME& Staff ID #  (signed) Millie Aasen 11975 |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 12-8-4 | SIGNATURE/PRINT NAME & Staff ID #  (signed) Willie Mose 685 |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 1-5-04 | OFFENDER SIGNATURE/PRINT NAME & DOC #  (signed) |
|---|---|

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number _C-ctf4/05-174_    STEP (Circle One) 1 (2) 3    ADA? Yes ☐ No ☐

| NAME Dean Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS

Subject of Grievance and Requested Remedy: This Grievance is in reference to the Doctors changing my medical restrictions to "LESSER," "TEMP,""AND TAKEN OFF THE COMPUTER". Upon my arrival to the D.R.D.C. I was evaluated and all my records of failed surgeries, Social Security Disability Reports and all records of my disabilities were reviewed. The D.R.D.C. set me standards that comply with my disabilities. Sicne then I have seen many D.O.C. doctors whom are paid to see the same kinds of disabilities. These doctors have sent me to doctors they pay for their opinions. Dr. Lilly recommended I be sent to a pain specialist. D.O.C. Medical Doctors sent me to the Pain Specialist (3) separate times with the diagnosis everytime being to treat the Chronic Intractable Pain I have, with Methadone 30 Mgs Twice a day. At no time has the D.O.C. Medical Department or any Doctors of any kind since my arrival "Cure," "Operate," "Or Anything" to change my condition of disability or injuries. In the very most I was allowed Medication as ordered by the Pain Specialist, and other restrictions that add to assist me such as Lower Lever, Lower Bunk, Single Cell, Cane, Wedge Pillow, Ect./ It has come to my attention that in the computer of my case manager the restrictions have been changed from the renewed list I just received from Dr. Aasen on 9/10/05. One month later I now find out that many of the restrictions are now missing or changed, Three now say temporary. At no time has D.O.C. healed me in any way. They are taking away my meds which I am down to half now and in severe pain without them. The only thing that has been done for my condition is provide me the medications "Methadone", "Klonopin". that helped control my pain prior to my arrest and prison and while in prison. The doctors tried to get me to take a medication that I cannot take. I have tried the medication,Elevil numerous times without any help and bad side effects,. The facts of the matter is that the Doctor's Assen , & Newfeld, are really falsifying the records to reflect false evaluations to not care for me. I recuest all my restrictions to be reinstated equal to D.R.D.C. & Single Cell

| DATE: 11/9/04 | OFFENDER SIGNATURE _DR Den_ |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE

The issues in this grievance were addressed at your "staffing" on 11-22-04 You have the proper restrictions in place on the computer. A single cell is not a medical necessity.
I found no medical justification for this grievance. As per your "staffing" this grievance is considered resolved.

you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 11-22-04 | SIGNATURE/PRINT NAME & Staff ID # _____ 1725 |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 11-16-04 | SIGNATURE/PRINT NAME & Staff ID # _Public Moss 6817_ |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: 12-3-04 | OFFENDER SIGNATURE/PRINT NAME & DOC # _DRR_ |

riginal: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"

③

COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

DC FORM 850-4A (06/04)

Grievance Number  239          STEP (Circle One)  1  2  ③    ADA?  Yes ☐  No ☐

| NAME | DEAN DENTON | DOC NO. 108801 | FACILITY | C.T.C.F. / U-7 |
|------|-------------|----------------|----------|----------------|

Instructions:

1.  FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2.  CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3.  STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4.  ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

THE FACTS ARE STILL THAT THE PHARMACY WERE REQUIRED TO REPORT MISCONDUCT TO THE BOARD OF MEDICAL EXAMINERS OR TO THE D.E.A. AGAINST ALL THE DOCTORS. SHAMES, NEUFELD, & AASEN FOR REMOVING 90% OF ALL CHRONIC CARE INMATES OFF PAIN MEDICATIONS. THE FACTS ARE EVEN MORE CLEAR TO THE EFFECT THAT NOT EACH INMATE WAS ASSED INDIVIDUALLY, BUT RECOVERING THE PHARMAY RECORDS TO THE AMOUNT OF NARCOTIC PAIN MEDS DELIVERED TO THIS FACILITY FROM JULY 2004 UP UNTIL MAY 2005 AND SEE THE DIFFERENCE. MY PAIN MEDICATIONS WERE RECOMMENDED BY THE PAIN DOCTOR SPECIALIST AND GIVEN THE MEDICATIONS UNTIL THE DR. CARY SHAMES WAS HIRED. THE REMOVAL OF MEDICATIONS WAS ONLY DONE THEN AS A POLICY CHANGE AND NOT ON THE THE BASIS OF EACH INDIVIDUAL AS CLAIMED BY THESE DOCTORS. I REQUEST A COPY OF THE PRINTOUT OF NARCOTIC'S FOR THE DATES ABOVE AS A RESOLVE AND TO HAVE MY PAIN MEDICATIONS RETURNED AS ANOTHER RESOLVE. THE DOCTOR TURNED IN FOR THEIR PART IN FALSIFYING RECORDS TO SHOW THAT INMATES DID NOT NEED PAIN MEDS, WHEN THEY DID. MY OWN SITUATION SHOWS PROOF THAT D.O.C. SENT ME TO A PAIN SPECIALIST AND COMPLIED WITH HIS RECOMMENDATIONS. STOPPING THE RECOMENDATIONS MEANS THAT THEY ARE NOT FOLLOWING RECOMMENDATIONS OF THE DOCTORS THEY SENT ME TO AS A SPECIALIST FOR THEIR OWN NEED OF INFO. PLEASE RESOLVE BY RETURNING MEDS OR TURN IN DOCTORS FOR MISCONDUCT AND PROVIDE THE PHARMACY RECORDS FOR THE PRIOR MONTHS IN ADVANCE.

| DATE: 4/25/05 | OFFENDER SIGNATURE |
|---------------|--------------------|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
|-------|----------------------------------|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
|-------|-----------------------------------|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|-------|----------------------------------------|

Original: Department File/AIC      Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

O-ct,4/05-239

C C.T.04/05-239    COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM    DC FORM 850-4A (06/04)

Grievance Number _____ STEP (Circle One) 1 ② 3    ADA? Yes ☐ No ☐

| NAME | Dean Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:                    *Denied*

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Pharmacy refuses to comply with the Pharmacy Practice Act in reporting all misconduct by Physicians in their misuse of Medications. ANd or the misuse of the discontinuation of Opiod Analgesics, Such as Compliance with Controlled substance laws & regulations. "Pharmacist's & Physicians are referred to the physicians manual of the U.S. Drug Enforcement Adimination for specific rules governing controlled substances as well as well as applicable State Regulations.  This matter of the Pharmacy continously falsifying the records to protect the physicians falls under Unlawful Acts 12-22-126-(c)- To willfully make false statements in any report, application or record . The Pharmacy does not add to the grievance that their own Head Pharmacist was involved in misconduct by Doug Massingill and that a  Denver News Paper Article appeared  on Nov 11th, 2004 on a week before I was then stopped off pain meds. The Article claims the Pharmacy is ($500,000) short on money being the real reason the many inmates such as I have been severed off pain meds. Not for real factual medical reasons, but because of funding. 12-22-318-(2) states records of any controled substance distrubted, administred, dispensed, or other wise sho the date, the name & address of person whom for whose use the controlled substance was distributed./ My request inthis grievance is to have the Pharmacy report Dr. Karry Shames, DrMichael Aasen, and Dr. Orville Neufeld for stopping all chronic care medications with the approval of the pharmacy due to lack of funds and bad help such as Doug Massingill. People are sufferening in Chronic pain and being denied due to the pharmacies failure to report these doctors. I also request a list of total Narcotics distributed to C.T.C.F. for the last one year, up to this date to show the difference not being individual.

| DATE: 1/22/05 | OFFENDER SIGNATURE | |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE Each inmate was evaluated on An individual BAsis For treatment of pain issues. You, in Fact had A staffing over this, where you were given opportunity to present your case. pharmacy does NOT Falsify records, NOR do we Base our decisions solely on the BAsis of money. You were tapered off your methadone and other treatment options for control of pain were discussed and offered to you. There Are multiple ways to deal with pain issues. AGAin pharmacy funding had no impact on your case. This grievance does not have merit.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.    MUST Be Able TO READ, NAME ↓

| DATE: 4/4/05 | SIGNATURE/PRINT NAME & Staff ID # M.D  Chan M.D  Aasen 11975 |
RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:
| DATE: 3-29-5 | SIGNATURE/PRINT NAME & Staff ID # |
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
| DATE: 4-21-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original:  Department File/AIC    Copies:  Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

+73

DC FORM 850-4A (06/04)

COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

| Grievance Number | STEP (Circle One) 1 2 3 | ADA? Yes ☐ No ☐ | | | |
|---|---|---|---|---|---|
| NAME  Dean R. Denton | | DOC NO.  108801 | FACILITY | C.T.C.F. / U-7 | |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: The C.T.C.F. Pharmacy has knowingly provided me with Methadone through the Diagnosis of Chronic Pain. The C.T.C.F. Pharmacy has in all supplied all Narcotic's to this facility and more facilities whom have many Crippled inmates or as in my situation, Two Failed Back Surgeries, Failed Hand Surgey, Shoulder Pain. I was sent to a Pain Specialist (3)-Times under C.R.S. 12-36-117-1.5(bb) (a & b)(intractable Pain)). The pain specialist has approved through a second opinion that I can receive pain medication due to not much else to offer. Within the last few month all inmates have been removed of chronic pain meds by Dr Aasen, Dr. Neufeld, and Dr. Karry Shames stating that they do not care about each indivals diagnosises. Because the Pharmacy is obligated by the law to report any Medical Misconduct to the Board of Medical Examines. I am asking in this grievance to have this abuse matter reported due to the many people whom have had specialist's whom have approved the use of such meds. I and many were cut off long term medication without proper Detoxification Practices that is also another bad Violation of the Substanders of Proper Medical Care. I have letters from the Manificature you use stating they do not condone this abuse and documents stating throught the Federal Goverment Web Site that a person must be tappered off such Pain Meds. The C.T.C.F. Pharmacy has recently been in the news and paper about missing meds or unable to pay for meds, which is the true real meaning why all disabled inmates as similar to my condition have been stopped off pain meds for their conditions. This matter is in relation to the pharmacies shot fund in all, therein denying inmates proper medical care for horrible condition. Again I request that Claims be brought by the pharmacy to the Pharmacy / Medical Practices Acts. Or be a co-conspirator in the abuse

| DATE: 12/24/04 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE  Pharmacy Does not set DOC policy on use of Narcotic medication. We are only able to provide medications that are ordered by providers. We still are providing these meds as ordered by medical staff. I know of no state Board of Pharmacy Regulation that requires a patient to receive or continue medication the provider does not wish to give. Determining what is appropriate standard of medical practice is beyond the scope of Pharmacy Practice

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 1-1-05 | SIGNATURE/PRINT NAME & Staff ID #  7709 |
|---|---|

CEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 1-7-5 | SIGNATURE/PRINT NAME & Staff ID #  Cathie Mone 6417 |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 1-20-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

C-CT 04/05    COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM    DC FORM 850-4A (06/04)

Grievance Number   **239**     STEP (Circle One) 1   2   (3)    ADA? Yes ☐ No ☐

| NAME | DEAN DENTON | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|---|

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

THE FACTS ARE STILL THAT THE PHARMACY WERE REQUIRED TO REPORT MISCONDUCT TO THE BOARD OF MEDICAL EXAMINERS OR TO THE D.E.A. AGAINST ALL THE DOCTORS. SHAMES, NEUFELD, & AASEN FOR REMOVING 90% OF ALL CHRONIC CARE INMATES OFF PAIN MEDICATIONS. THE FACTS ARE EVEN MORE CLEAR TO THE EFFECT THAT NOT EACH INMATE WAS ASSED INDIVIDUALLY, BUT RECOVERING THE PHARMAY RECORDS TO THE AMOUNT OF NARCOTIC PAIN MEDS DELIVERED TO THIS FACILITY FROM JULY 2004 UP UNTIL MAY 2005 AND SEE THE DIFFERENCE. MY PAIN MEDICATIONS WERE RECOMMENDED BY THE PAIN DOCTOR SPECIALIST AND GIVEN THE MEDICATIONS UNTIL THE DR. CARY SHAMES WAS HIRED. THE REMOVAL OF MEDICATIONS WAS ONLY DONE THEN AS A POLICY CHANGE AND NOT ON THE THE BASIS OF EACH INDIVIDUAL AS CLAIMED BY THESE DOCTORS. I REQUEST A COPY OF THE PRINTOUT OF NARCOTIC'S FOR THE DATES ABOVE AS A RESOLVE AND TO HAVE MY PAIN MEDICATIONS RETURNED AS ANOTHER RESOLVE. THE DOCTOR TURNED IN FOR THEIR PART IN FALSIFYING RECORDS TO SHOW THAT INMATES DID NOT NEED PAIN MEDS, WHEN THEY DID. MY OWN SITUATION SHOWS PROOF THAT D.O.C. SENT ME TO A PAIN SPECIALIST AND COMPLIED WITH HIS RECOMMENDATIONS. STOPPING THE RECOMENDATIONS MEANS THAT THEY ARE NOT FOLLOWING RECOMMENDATIONS OF THE DOCTORS THEY SENT ME TO AS A SPECIALIST FOR THEIR OWN NEED OF INFO. PLEASE RESOLVE BY RETURNING MEDS OR TURN IN DOCTORS FOR MISCONDUCT AND PROVIDE THE PHARMACY RECORDS FOR THE PRIOR MONTHS IN ADVANCE.

| DATE: 4/25/05 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

X-4)

C-C.T.04/05-239 )

C C.T.04/05-239    COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM    DC FORM 850-4A (06/04)

Grievance Number: _____  STEP (Circle One) 1 ② 3    ADA? Yes ☐ No ☐

| NAME | Dean Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:    *Denied*

1.  FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2.  CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3.  STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4.  ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Pharmacy refuses to comply with the Pharmacy Practice Act in reporting all misconduct by Physicians in their misuse of Medications. ANd or the misuse of the discontinuation of Opiod Analgesics, Such as Compliance with Controlled substance laws & regulations. "Pharmacist's & Physicians are referred to the physicians manual of the U.S. Drug Enforcement Adiministration for specific rules governing controlled substances as well as well as applicable State Regulations. This matter of the Pharmacy continously falsifying the records to protect the physicians falls under Unlawful Acts 12-22-126-(c)- To willfully make false statements in any report, application or record. The Pharmacy does not add to the grievance that their own Head Pharmacist was involved in misconduct by Doug Massingill and that a Denver News Paper Article appeared on Nov 11th, 2004 on a week before I was then stopped off pain meds. The Article claims the Pharmacy is ($500,000) short on money being the real reason the many inmates such as I have been severed off pain meds. Not for real factual medical reasons, but because of funding.. 12-22-318-(2) states records of any controled substance distrubted, administred, dispensed, or other wise sho the date, the name & address of person whom for whose use the controlled substance was distributed./ My request inthis grievance is to have the Pharmacy report Dr. Karry Shames, DrMichael Aasen, and Dr. Orville Neufeld for stopping all chronic care medications with the approval of the pharmacy due to lack of funds and bad help such as Doug Massingill. People are suffering in Chronic pain and being denied due to the pharmacies failure to report these doctors. I also request a list of total Narcotics distributed to C.T.C.F. for the last one year, up to this date to show the difference not being individual.

| DATE: 1/22/05 | OFFENDER SIGNATURE | ƆƆ̸�123 |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE: Each inmate was evaluated on An individual BAS·s for treatment of pain issues. You, in Fact, had A standing over this, where you were given opportunity to present your case. Pharmacy does NOT falsify records, NOR do we Base our decisions solely on the BASis of Money. You were tapered off your methadone and Other treatment Options for control of pain were diagnosed and offered to you. There are multiple ways to deal with pain issues. Again pharmacy funding had no impact on your case. This grievance does not have merit.

MUST Be Able TO READ NAME ▼

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 4/4/05 | SIGNATURE/PRINT NAME & Staff ID # | Michael Aasen M.D. Aasen 11995 |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: |
| DATE: 3-29-5 | SIGNATURE/PRINT NAME & Staff ID # | Keith Moretti 6817 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. |
| DATE: 4-21-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # | ƆƆ̸ᴉ |

Original: Department File/AIC  Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

X-42

DC FORM 850-4A (06/04)

COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number _____  STEP (Circle One) 1 2 3   ADA? Yes ☐ No ☐

| NAME | Dean R. Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: The C.T.C.F. Pharmacy has knowingly provided me with Methadone through the Diagnosis of Chronic Pain. The C.T.C.F. Pharmacy has in all supplied all Narcotic's to this facility and many more facilities whom have many Crippled inmates or as in my situation, Two Failed Back Surgeries, Failed Hand Surgery, Shoulder Pain. I was sent to a Pain Specialist (3)-Times under C.R.S. 12-36-117-1.5(bb) (a & b)(intractable Pain)). The pain specialist has approved through a second opinion that I can receive pain medication due to not much else to offer. Within the last few month all inmates have been removed of chronic pain meds by Dr Aasen, Dr. Neufeld, and Dr. Karry Shames stating that they do not care about each indivals diagnosises. Because the Pharmacy is obligated by the law to report any Medical Misconduct to the Board of Medical Examines. I am asking in this grievance to have this abuse matter reported due to the many people whom have had specialist's whom have approved the use of such meds. I and many were cut off long term medications without proper Detoxification Practices that is also another bad Violation of the Substanders of Proper Medical Care. I have letters from the Manificature you use stating they do not condone this abuse and documents stating throught the Federal Goverment Web Site that a person must be tappered off such Pain Meds. The C.T.C.F. Pharmacy has recently been in the news and paper about missing meds or unable to pay for meds, which is the true real meaning why all disabled inmates as similar to my condition have been stopped off pain meds for their conditions. This matter is in relation to the pharmacies shot fund in all, therein denying inmates proper medical care for horrible condition. Again I request that Claims be brought by the pharmacy to the Pharmacy / Medical Practice Acts . Or be a co-conspirator in the abuse

| DATE: 12/24/04 | OFFENDER SIGNATURE: |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE  Pharmacy does not set DOC policy on use of Narcotic medication. We are only able to produce medications that are ordered by providers. We still are producing these meds as ordered by medical staff. I know of no state board of pharmacy regulation that requires a patient to receive or continue medication the provider does not wish to give. Determining what is appropriate standard of medical practice is beyond the scope of pharmacy practice.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 1-11-05 | SIGNATURE/PRINT NAME & Staff ID # | 7709 |

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 1-7-5 | SIGNATURE/PRINT NAME & Staff ID # | Cathe More 6817 |

RECEIPT: I acknowledge receipt of a response from the Department of Corrections, to this grievance.

| DATE: 1-20-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2862 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

November 17, 2005

RE: Grievance #C-CT04/05-239

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to pain management.

In review of this matter I find that you have been medically evaluated by clinical services at CTCF. I cannot second guess the medical, professional opinion of those providers regarding pain management issues, as I am not a medical professional. Your treatment appears to be adequate and appropriate for your condition. Recommendations by specialists are just that, recommendations, which do not necessarily have to be followed by DOC medical. I do not find any misconduct of the part of the CDOC pharmacy. I do not find that DOC was or is deliberately indifferent to your medical condition and therefore I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
Tom Kolle

DC FORM 850-4A (06/04)

COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number _____ STEP (Circle One) ①  2  3    ADA? Yes ☐ No ☐

| NAME | Dean R. Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: The C.T.C.F. Pharmacy has knowingly provided me with Methadone through the Diagnosis of Chronic Pain. The C.T.C.F. Pharmacy has in all supplied all Narcotic's to this facility and many more facilities whom have many Crippled inmates or as in my situation, Two Failed Back Surgeries, Failed Hand Surgey, Shoulder Pain. I was sent to a Pain Specialist (3)-Times under C.R.S. 12-36-117-1.5(bb) (a & b)(intractable Pain)). The pain specialist has approved through a second opinion that I can receive pain medication due to not much else to offer. Within the last few month all inmates have been removed of chronic pain meds by Dr Aasen, Dr. Neufeld, and Dr. Karry Shames stating that they do not care about each indivals diagnosises. Because the Pharmacy is obligated by the law to report any Medical Misconduct to the Board of Medical Examines. I am asking in this grievance to have this abuse matter reported due to the many people whom have had specialist's whom have approved the use of such meds. I and many were cut off long term medications without proper Detoxification Practices that is also another bad Violation of the Substances of Proper Medical Care. I have letters from the Manifacture you use stating they do not condone this abuse and documents stating throught the Federal Government Web Site that a person must be tappered off such Pain Meds. The C.T.C.F. Pharmacy has recently been in the news and paper about missing meds or unable to pay for meds, which is the true real meaning why all disabled inmates as similar to my condition have been stopped off pain meds for their conditions. This matter is in relation to the pharmacies shot fund in all, therein denying inmates proper medical care for horrible condition. Again I request that Claims be brought by the pharmacy to the Pharmacy / Medical Practice Acts. Or be a co-conspirator in the abuse

| DATE: 12/24/04 | OFFENDER SIGNATURE | *[signature]* |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE  Pharmacy does not set DOC Policy on use of Narcotic medication. We are only able to provide medications that are ordered by providers, we still are providing these meds as ordered by medical staff. I know of no state Bord of Pharmacy Regulation that requires a patient to receive on continue medication the provider does not wish to give. Determining what is appropriate Standard of medical Practice is beyond the scope of pharmacy Practice

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.  *7/(day)*

| DATE: 1-11-05 | SIGNATURE/PRINT NAME& Staff ID # ‹ *[signature]* 7709 |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: |

| DATE: 1-7-5 | SIGNATURE/PRINT NAME & Staff ID # *Bubba Moore* 6817 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. |

| DATE: 1-20-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # *[signature]* |

riginal: Department File/AIC  Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

*x-45*

C-CL04/05-239

C C.T.04/05-239      COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

DC FORM 850-4A (06/04)

Grievance Number_____  STEP (Circle One) 1 (2) 3   ADA? Yes ☐ No ☐

| NAME | Dean Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |
|------|-------------|---------|--------|----------|----------------|

Instructions:

*Denied*

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: Pharmacy refuses to comply with the Pharmacy Practice Act in reporting all misconduct by Physicians in their misuse of Medications. ANd or the misuse of the discontinuation of Opiod Aralgesics, Such as Compliance with Controlled substance laws & regulations. "Pharmacist's & Physicians are referred to the physicians manual of the U.S. Drug Enforcement Adiministration for specific rules governing controlled substances as well as well as applicable State Requlations. This report of the Pharmacy continously falsifying the records to protect the physicians falls under Unlawful Acts 12-22-126-(c)- To willfully make false statements in any report, application or record. The Pharmacy does not add to the grievance that their own Head Pharmacist was involved in misconduct by Doug Massingill and that a  Denver News Paper Article appeared  on Nov 11th, 2004 ony a week before I was then stopped off pain meds. The Article claims the Pharmacy is ($500,000) short on money being the real reason the many inmates such as I have been severed off pain meds. Not for real factual medical reasons, but because of funding.. 12-22-318-(2) states records of any controled substance distrubed, administred, dispensed, or other wise sho the date, the name & address of person whom for whose use the controlled substance was distributed./ My request inthis grievance is to have the Pharmacy report Dr. Karry Shames, DrMichael Aasen, and Dr. Orville Neufeld for stopping all chronic care medications with the approval of the pharmacy due to lack of funds and bad help such as Doug Massingill. People are sufferining in Chronic pain and being denied due to the pharmacies failure to report these doctors. I also request a list of total Narcotics distributed to C.T.C.F. for the last one year, up to this date to show the difference not being individual.

| DATE: 1/22/05 | OFFENDER SIGNATURE | *DDr* |
|---------------|--------------------|-------|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE Each inmate was evuluated on an individual BASis for treatment of pain issues. You, in Fact had A srathing over this, when you were given opportunity to present your case. pharmacy does NOT Falsify records, NOR do we Base our decisions solely on the BASis of money. You were tapered off your methadone and other treatment Options for control of pain were discussed and offered to you. There Are multiple ways to deal with pain issues. AGAin pharmacy funding had no impact on your case. This Grievance does NOT have merit.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. MUST Be Able TO READ NAME ⬇

| DATE: 4/9/05 | SIGNATURE/PRINT NAME& Staff ID # | M.K. Aasen M.K. Aasen 11975 |
|--------------|-----------------------------------|------------------------------|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 3-29-5 | SIGNATURE/PRINT NAME & Staff ID # | Willie Donnell 0817 |
|--------------|-----------------------------------|---------------------|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 4-21-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # | *DDr* |
|---------------|----------------------------------------|-------|

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

C-CT 04/05

DC FORM 850-4A (06/04)

**COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM**

Grievance Number 239     STEP (Circle One) 1 2 (3)    ADA? Yes ☐ No ☐

| NAME DEAN DENTON | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

THE FACTS ARE STILL THAT THE PHARMACY WERE REQUIRED TO REPORT MISCONDUCT TO THE BOARD OF MEDICAL EXAMINERS OR TO THE D.E.A. AGAINST ALL THE DOCTORS. SHAMES, NEUFELD, & AASEN FOR REMOVING 90% OF ALL CHRONIC CARE INMATES OFF PAIN MEDICATIONS. THE FACTS ARE EVEN MORE CLEAR TO THE EFFECT THAT NOT EACH INMATE WAS ASSED INDIVIDUALLY, BUT RECOVERING THE PHARMAY RECORDS TO THE AMOUNT OF NARCOTIC PAIN MEDS DELIVERED TO THIS FACILITY FROM JULY 2004 UP UNTIL MAY 2005 AND SEE THE DIFFERENCE. MY PAIN MEDICATIONS WERE RECOMMENDED BY THE PAIN DOCTOR SPECIALIST AND GIVEN THE MEDICATIONS UNTIL THE DR. CARY SHAMES WAS HIRED. THE REMOVAL OF MEDICATIONS WAS ONLY DONE THEN AS A POLICY CHANGE AND NOT ON THE THE BASIS OF EACH INDIVIDUAL AS CLAIMED BY THESE DOCTORS. I REQUEST A COPY OF THE PRINTOUT OF NARCOTIC'S FOR THE DATES ABOVE AS A RESOLVE AND TO HAVE MY PAIN MEDICATIONS RETURNED AS ANOTHER RESOLVE. THE DOCTOR TURNED IN FOR THEIR PART IN FALSIFYING RECORDS TO SHOW THAT INMATES DID NOT NEED PAIN MEDS, WHEN THEY DID. MY OWN SITUATION SHOWS PROOF THAT D.O.C. SENT ME TO A PAIN SPECIALIST AND COMPLIED WITH HIS RECOMMENDATIONS. STOPPING THE RECOMENDATIONS MEANS THAT THEY ARE NOT FOLLOWING RECOMMENDATIONS OF THE DOCTORS THEY SENT ME TO AS A SPECIALIST FOR THEIR OWN NEED OF INFO. PLEASE RESOLVE BY RETURNING MEDS OR TURN IN DOCTORS FOR MISCONDUCT AND PROVIDE THE PHARMACY RECORDS FOR THE PRIOR MONTHS IN ADVANCE.

| DATE: 4/25/05 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

X-47

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number  03/04-328    STEP (Circle One)  1 (2) 3    ADA? Yes ☐ No ☐

| NAME Dean Denton | DOC NO. 108801 | FACILITY  C.T.C.F. / U-7 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Remedy:**            This grievance was filed when the methadone was
increased and then stopped without any manner of seeing the pain specialist or
any other doctors for pain not from this facility. It looked at first that
Dr. Aasen was trying to help me with the nedded things for pain such as meds
and Egg Crate. then all turned to no care but what I had.. I then filed the
step one before meeting with Dr. Aasen whom then agreed to try me on the meds
Kolopin 2Mg at night with the same amount as before (60 Mgs) at night.
      Dr. Aasen and I were to meet and I was considering that this matter could
be resolved as long as I would be allowed to have the continued pain control
with the Methadone and Kolopin as is  without disruptions all the time .
Dr. Aasen was to see me today 7/19/04 at 3:00P.M. which he cancelled at the
last minute where I had waited an hour. Now I do not know when I will see the
Doctor again, The Kolopin is expired and I have not received it for a few days
so far. Kolopin is not a medication that can be started and stopped without
care. I am asking that the Kolopin be reinstated and the methadone run with it
on a regular basis to help with my pain. The combination is working well when
I get it . I would consider resolving this grievance by seeing Dr. Aasen for
this grievance and medications as we discussed and tried until the meds stopped.

      This matter needs addressed as soon as possible.

| DATE 7/19/04 | OFFENDER SIGNATURE |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE  Seen on 7/21/04 - Klonopin 2mg po qHS x 90d ordered
Methadone 60 mg po qHS ordered x10d   8-2-04
Methadone 60mg po qHS ordered x10d  8-9-04
(7/21/04 - 7-16-04 - 7-26-04  6-25-04   6-17-04 —
Pt agrees suitable circumstances as long
as Methadone + Klonopin are continued - if to
DC'd or dosage decreased tapering process to
be utilized thru MD - please meet ē pt  Resolved

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE 8/9/04 | SIGNATURE/PRINT NAME & Staff ID # Sandra Harris |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: |
| DATE 7-20-4 | SIGNATURE/PRINT NAME & Staff ID # Cubio Morse 6817 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. |
| DATE 8-9-04 | OFFENDER SIGNATURE/PRINT NAME & DOC #  Dean R. Denton |

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

DC FORM 850-4B (10/0?)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Assigned Grievance ___03/04-328___  STEP ___One___

C-03/04 328

| NAME  Dean R. Denton | DOC NO.  108801 | FACILITY  C.T.C.F. / U-7 |

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP IN GRIEVANCE PROCESS.

REQUEST: This matter is causing me severe problems in order of the neglect of my p
control and anxiety. Not only am I being refused the professional medical decision Dr. Aasen ma
to increase my Methadone, But also to see the Pain Specialist whom said I was to return to Denv
Pain Clinic back in October 2003. This was one of the reasons Dr. Aasen increased the dosage in
my methadone. Dr.Aasen had already done a thorough review of my chart as he had mentioned the
fact to me while discussing the increase of the methadone. In addition I have been in written
contact with the makers of the Methadone this facility uses and they have supplied me with the
proper info on tollerances and resistances to the methadone after taking it for long periods of
time. They also referred me to the Goverment (F.D.A.) Web Site which document that Physicial
Tolerance is not unusual during the chronic use of methadone. Therein I have been on the same
dose of (60Mgs) since April 2002, Over (2-Yrs & 2-Months). I am not getting very good pain contr
anymore. The Methadone use to help with the pain a lot better and dose help some. The fact is
that It works well for my pain, but this dose hase of (60) has stopped helping as it did before.
The Pain Specialist has no problem with me taking methadone nor an increase from the conversatic
I had with him last. This is proof of why I am being refused to return to Denver Health Pain Ca
Clinic. This situation was decided by the Head D.O.C. doctors from past that has meeting and
said they would condone whatever the Pain Specialist Ordered July 2002. It is not a big deal for
me to receive the raised amount of (20mgs) more as ordered by Dr. Aasen to the (60Mgs) up to (80
I request that I get the (80Mgs) at night as I should have when it was ordered by Dr. Aasen.
I also am requesting that I get to see the pain specialist that I always see and or Dr. Aasen
allow me to have a conference call to him with the Dr. Aasen present as a type of phone visit to
confirm the facts and visits that should have taken place. The matter is still that I am being
refused follow-up care for chronic pain. This matter needs a different resulution than the curre

| DATE: 6/12/04 | OFFENDER SIGNATURE  DRD |

RESPONSE

6/23  I saw mr Denton last week. - Opted to Add Klonopin 2g AT hs to help with pAin And Anxiety At This point and reevaluate shortly.  M. A

If you are dissatisfied with the response to this Step 1 or Step 2 grievance, you may obtain further review by submitting the next step to your case manager or the grievance officer.

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 6-21-4 | SIGNATURE/PRINT NAME & Staff ID #  Arthur Mose 6813 |

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 7-13-04 | OFFENDER SIGNATURE/PRINT NAME & DOC #  DRD |

Original: Department File    Copies: Working File, Warden, Offender

Attachment "B"
Page 1 of 1

+49

# STATE OF COLORADO
## DEPARTMENT OF CORRECTIONS
### CLINICAL SERVICES

# INFORMAL RESOLUTION ATTEMPT

*Russ*
*Due 6-11-4*
*Cto3 /04-328*

*6-4-4*

| INMATE NAME | DOC# | FACILITY | CELLHOUSE |
|---|---|---|---|
| Dean R. Denton | 108801 | C.T.C.F. | 7 / 6/2/04 |

**SUBJECT OF GRIEVANCE:**
Dr. Aasen condoned me a raise in my Methadone twice for Chronic Pain and to equal the tollerance loss after two years of same dose Then Stopped it

**WHAT IS THE BASIS OF THE INMATE COMPLAINT (Be specific and brief):**
Dr. Aasen met with me concerning chronic Pain and that I have not been allowed to return to the pain clinic in Denver for a medication increase. Dr. Aasen raised my Methadone twice for chronic Pain needs and that I am becoming tollerant after taking the methadone same dose (60) for two years.. When the methadone was raised to (80Mgs) Nurse said at med line that Doctor had called from Colo Springs, and reduced my meds back to (60). This matter falls under the Colo. Revised Statutes (12-36-117-1.5-(a)-(b), and that Dr. Aasen made a professional medical decision to help me with my pain control since I have not been allowed to see the Denver Pain Specialist as I was suppose to back in October 2003 to have the methadone increased to control my pain better. There is no reason for Dr. Aasen to reduce the orders he wrote for me and it becomes a matter of medical neglect and cruel punishment to not follow through with his own medical care and opinions. The matter becomes someone else telling Dr. Aasen how to practice medicine, and who will get care and who will not. Because I was to go back to Denevr over 8 months ago to get my methadone increased, this matter becomes deliberate indiference towards me personally. Two out of three recommendations the pain specialist wrote were never done and now this. I request the Methadone be increased to the (80Mgs) as medically ordered before.

**WHAT DID YOU AND THE INMATE DISCUSS AND AGREE TO FOR RESOLUTION**
**(Note: Stay within policy):**

Dr. Aasen has seen you regarding your pain control and Methadone dosing. After discussing your case with other physician and doing a thorough chart review, Dr. Aasen called the CTC? Outpatient Clinic and decided to decrease your Methadone to 60mg at night. At this time, Dr. Aasen has not determined your need to return to the DHMC pain clinic. As noted on your DHMC clinic on 9/25/03, the physician ordered Methadone 30mg BID "@ previous dose" There is no indication of a 2-month follow-up or that they would increase your Methadone at the next clinic. Per your insistence, the Methadone was changed to 60mg HS on 9/29/03.

**WHAT WAS DECIDED (Within policy limitations):**

☐ Inmate is satisfied with informal resolution shown above.

☒ Inmate elected to file a STEP 1 Grievance Form.

☐ Inmate was given a STEP 1 Grievance Form.

☐ Inmate obtained a STEP 1 Grievance Form from case manager.

_____
Inmate Signature

| Clinical Staff Member Signature: | Date: |
|---|---|
| | 6/11/04 |

31202          cc:     White-Chart, Canary-Data Entry, Pink-Case Management,

# Facility Staffing

CTCF

CTCF Conference Room

**Staffing By:** Dr. O. Neufeld
Renee Martinez, CTCF HSA

**Attendees:** Major Mayfeld
George Hubbs, Nurse III
Sandra Harris, Nurse III
LaDonna Webb, Mental Health
John Evans, Case Manager – 3155
Dori Martinez, Medical Records Tech.

**Offender:**
**MRD:**
**Notes:**

**Medical Problems:**
- Intractable Pain

**MH Problems:**
- Major Depression

**Dental Problems:**
- None

**Active Prescriptions:**
- Flovent            CTM
- Motrin            Vibramycin
- Serevent         Imodium
- Maxzide          Keflex
- Methadone        Klonopin

Offender agrees to definition of being drug dependent.

Two grievances. Dr. Neufeld to answer both & kite to Rene when resolved.

**Options:**
- Desyrel – refused
- Elavil - refused
- See psych clinic at first opportunity

**Plan:**
- Methadone 10 mg x 1 week
- For sleep options: Phenergan, Benadryl/100 mg x 4 weeks

**Demeanor:** Angry about changes, sarcastic at times and threatening to file a lawsuit.

X-5l

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2862 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

May 25, 2006

RE: Grievance #C-CT05/06-093 (FCF)

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to allegation of false information.

In review of this matter I could not substantiate your claim of false information being entered into your mental health file. You have not described with any particularity what information is in fact false. Based upon the lack of any evidence whatsoever I cannot recommend any relief in this matter.

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender records

X-52

*M. H.*

Grievance Number          **COLORADO DEPARTMENT OF CORRECTIONS  OFFENDER GRIEVANCE FORM**          DC FORM 850-4A (06/04)

STEP (Circle One)  1  2  ③    ADA?  Yes ☐  No ☐

| NAME  Dean R. Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 | **RECEIVED** |

Instructions:

**RECEIVED**

NOV 1 0 2005

Office of Correctional
Legal Services

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: This matter was discussed with John O'sullivan to the regulations of the law that requires all Medical and Mental Health worker to follow the Medical Practice Act. Rich Lins has falsified my Mental Health File with a document that was only HEAR-SAY. Medical / Mental Health providers are to follow the Colorado Revised Statutes 12-36-117 (cc "Under Unprofessional Conduct" that (Falsifying or Repeatedly Making Incorrect Essential Entries or Repeatedly failing to Make Essential Entries on Patient's Record.) is a violation. Rich Lins was not present and does not know any of the conversations that took place between Sandy Harris and Myself. Rich Lins could have been advised to my not agreeing with the Conversation that took place through contact with Sandy Harris, But to document that I was acting out in a Sexual Cycle is a complete False Note in the Document he wrote. Rich Lins again was not present and knows nothing of my thoughts, Feelings, or Behaviors since he was not present and is only relying on his own obsession thoughts of Sex Offenders. Rich Lins is not even able to find a co-worker who will work with him due to his unprofessional harassment of offenders and his obsessions with, making all offenders in his classes look worse than they really are. The Document he produced was dated (8/2/05) and only a second hand **assumption of Sandy Harris's making his document false** in its entirety. Rich Lins did have my Medical File reviewed to have the (M-4) lowered and my questioning Sandy Harris why my (M-4) was lowered even after I was staffed without being lowered then. Rich Lins lied to the fact (M-4's) could go to Arrowhead. I ask again for this document be removed from my file or revised to the facts that are true and not false. Please remove it from file

| DATE: 11/4/05 | OFFENDER SIGNATURE | |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |

| DATE: 11-8-5 | SIGNATURE/PRINT NAME & Staff ID #  Cc Clonati 6 817 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |

Original: Department File/AIC          Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

+53

M.H.

C-CT-05/06.093-2

**COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM**

Grievance Number _____ STEP (Circle One) 1 (2) 3    ADA? Yes ☐ No ☐

| NAME Dean R. Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

In the step one grievance answered by Patty Sojak, She does not address the real issue of the grievance. I am claiming that Sandy Harris contacted Rich Lins, and tried to convince him of issues she was assuming. Thereafter Rich Lins documented in my file numerous presumptions on a matter that he was not even present for. He is only taking the word of a medical nurse who somehow has been given a position of administrator of supposedly both medical and mental health. It is very unlikely that Sandy Harris and Mike Lovato have taken any legitimate school courses in medical administration to therein consult Rich Lins in what discrepancies I may have medically. Because Rich Lins wrote a official document concerning his own mind reading assumptions of what my thoughts, feeling and concerns were while I was talking to two other people, Is in fact falsifying the Mental Health Files to accumulate dirt or false statements in my reference. Rich Lins is so totally obsessed with Sex Offender treatment and care, he himself has lost his true sense of reality. Not every thought, action, or behavior relates to my Sex Assault crime of Attempted Sex Assault some (10) years ago.. I am making a claim that Rich Lins did not have the right to ask medical any more than to look at my medical file without coercion or suggestions to change such (M)-status. He furthermore has no idea, clue or nothing more than a unjust opinion of the situation. This in fact justifies my claim to his falsifying the Mental Heal File to assume I was acting out some sexual dominance. The only resolve to this matter is to have the document removed from my M.H. File as false information.

| DATE: 10/1/05 | OFFENDER SIGNATURE DRD |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

**RESPONSE**

Met with you on 10/21/05 as the date of the note you are referring to is not in youre grievance. When meeting with you, you stated that the date of the note is 8/2/05 (by Richard Lins). there does not appear to be any factual information that is false in this note and a clevician was you that their impression or assesment even though you may not agree with it - this note, as with any information in the Mental Health file, is a permanent part of the file and may not be removed by Mental Health.

you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 10/24/05 | SIGNATURE/PRINT NAME& Staff ID # R.L.082 John O Sullivan #5563 |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 11-6-05 | SIGNATURE/PRINT NAME & Staff ID # K C Martinez D4107 |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 11-2-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # DRD 108801 |
|---|---|

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

## COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

M. Ho

8/05/06 — 093

Grievance Number _____ 93 _____ STEP (Circle One) (1) 2 3 ADA? Yes ☐ No ☐

| NAME | Dean R. Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. - U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

It has come to my attention that Rich Lins has made a false report in my Mental Heath File. It appears that he spoke to Sandy Harris and Mike Lovato in reference to my Sex Offender care and possible treatment. At no time did Sandy Harris have permission to request my Sex Offender issues, nor did Rich Lins have permission to tell her anything more that I was finished with my Phase one classes. This matter is a direct violation of the separation of Medical and Mental Health. That is why they are no longer in the same building due to they are separate in the care of me as an inmate. Rich Lins additionally adds in his report that he can read my mind by making assumptions to my disagreements with the way M.H. had my (M-4) status changed to a (M-3) for specific reasons that could get me moved to another facility. Rich Lins falsified his report by not adding that during the (16)-Months I attended Phase One Group, I was assured repeatedly that (M-4) status could go to Phase Two. This in fact makes Rich Lins and Patty - Sojack complete liers and in lying such as they did in fact were showing a continous cycle of Unprofessional Conduct through their licenses. Rich Lins had no idea what-so-ever in my thoughts, feeling, or behaviour, to actually write the report he did. Rich Lins knows nothing of my medical concerns or the past agreements made by the head D.O.C. Doctors in Colo. Springs. If Rich Lins would review my M.H. Chart from July 28th, 2003 he would see the acting director for all of medical and M.H. Dr. Diamond agreed to my return to a pain specialist and would concur with the exam. I am requesting the false record be removed from my file with a copy to me.

| DATE: 9/1/05 | OFFENDER SIGNATURE | |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE

It was discussed with Mr. Denton that Sandy Harris is the Health Services Administrator for the Colorado Territorial Correctional Facility (CTCF). This position is responsible for all mental health, and medical services at CTCF, and all mental health and medical personnel working at CTCF. It was discussed that Mr. Denton's rights were not violated. It was also discussed with Mr. Denton that mental health providers do not have access to change medical codes, because they are not in the medical field, and can only request that medical services provider review the file for any changes to the M-code. Mental health has no influence on medical decisions, and only a medical provider can determine whether or not a medical change (M code) can be changed. It was also explained to Mr. Denton that although medical and mental health services are in different buildings due to space issues, we are under one program called "Clinical Services." Mr. Denton was assured that mental health providers had his best rehabilitative interest at heart, and was invited to process any issues that still remained.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 9-29-05 | SIGNATURE/PRINT NAME& Staff ID # | |

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 9-2 0-5 | SIGNATURE/PRINT NAME & Staff ID # | |

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 9-29-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # | |

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

+55

**Anthony A. DeCesaro**

GRIEVANCE OFFICER
2862 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

May 25, 2006

RE: Grievance #C-CT05/06-088 (FCF)

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to release of medical information.

In review of this matter I have found that two medical professional reviewed your release of medical information request and agree that information sent was in compliance with your release of medical information. I cannot determine whether or not the information exceeded you requested in your release because you have not supplied me with a copy of the release. I therefore cannot recommend any relief in this matter.

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender records

C-C605/06-088 Medical
C-CT-05/06-088-3

| Grievance Number | STEP (Circle One) 1 2 ③ ADA? Yes ☐ No ☐ | | |
|---|---|---|---|
| **NAME** Dean denton | **DOC NO.** 108801 | **FACILITY** | C.T.C.F. / U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

In another try to explain the facts of this matter I raise the complete issue of medical records that were produced in obtaining these records and the facts I signed the release for. ▇ Constance Batson N.P. had me sign a release in reference to Dr. Go' Note of (6/15/05) Ortho Clinic C.M.H.I.P.Dr. Go states that he needed to review Ortho Notes from the prior surgeries I have had on my hand. In the Medical File by C. Batson N.P. on (8/15/05) she writes that Dr. Go Will Not Do Anything Further W/Out Dr. Starks Notes who did the surgery at the State Hospital while I was a Patient there. I signed a release to Ortho Notes & discharge summary notes in reff. to my surgery. C.Batson N.P. reconfirms this _ after receiving the (66)-pages sent by the C.M.H.I.P. in her medical notes in my file of (9/15/05) in that she reviewed old records from C.M.H.I.P. Reff. to Ortho then faxed all Ortho note.Reff. to Wrists from Dr. Starks / C.M.H.I.P. Notes to Dr. Go, per his note of (6/15/05). This matter is in fault in that only about (10) pages of the (66) sent to this facility and faxed to Dr. Go, were in reference to Ortho Notes and Discharge Summary Notes in reff. to Ortho. (56) other pages are Mental Health Records that I did not approve for this facility to have. My summary and exam admitting me to the C.M.H.I.P. as Incompetent are note Ortho Notes. I request again these other records (M.H.) need be sent back to C.M.H.I.P.

| DATE: 10/26/05 | OFFENDER SIGNATURE | |
|---|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

**RESPONSE**

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |

| DATE: 10-28-5 | SIGNATURE/PRINT NAME & Staff ID # C C Constt 6817 |
|---|---|
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original: Department File/AIC     Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

*Medical*

COLORADO DEPARTMENT OF CORRECTIONS  OFFENDER GRIEVANCE FORM

DC FORM 850-4A (06/04)

Grievance Number _____  STEP (Circle One) 1 ②3   ADA? Yes ☐ No ☐

| NAME | Dean R. Denton | DOC NO. | 108801 | FACILITY | C.T.C.F. / U-7 |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

This matter continues with other certain facts. I signed a release for Ortho notes to be sent to the C.T.C.F. Medical from the State Hospital concerning Dr. Starks notes for my hand. I signed this release on 8/15/05 and see the part about Discharge Summery Notes. It was in my concern that only Ortho notes were to be received since the only matter at hand was in reference to the surgery Dr. Stark did in removing the hardware from my hand. Connie Batson NP. filed out the exam she conducted on me the next day which is dated 8/16/05 and specifically wrote in the file that she "Informed Me Dr.Go will not do anything further w/out Dr. Starks notes; And that I signed a release." This document in-its-self shows confirmation of the full facts to what we discussed. I had specifically said only Dr. Starks notes. Dr. Stark also did a discharge summary. The whole amount of notes from Dr. Stark are (10)-pages or less. It is my understanding the State Hospital sent (66) pages concerning my being declared incompetent and admitted to the State Hospital as a pre-trail detainee. I had not been convicted of any crime, nor does D.O.C.Medical have any rights to my M.H. files from the C.M.H.I.P. without my specific concent. In addition Documents from Dr. Go whom I saw at C.M.H.I.P. refers to him needing to see Dr. Starks notes. This is two actual documents showing that the whole matter I signed a release to have documents sent here were specifically for Ortho Dr. Starks Notes. I request these M.H. files sent in the amount of over (56)-pages be returned to C.M.H.I.P. and no copies kept. This matter can be addressed on Dr. Assen's License for obtaining records falsely

| DATE: 10/3/05 | OFFENDER SIGNATURE | *DRD* |
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: | |

RESPONSE  I have Reviewed The Records Release That you signed And as well have Reviewed the Step 1 Response As Noted. I Agree Completly with the Step 1. Response. There is no basis For This Grievance. IT is Denied

you are dissatisfied with the response to this grievance, you may obtain further review by submitting the ext step to the appropriate individual.

DATE: 10/6/05   SIGNATURE/PRINT NAME& Staff ID # *Mike R. Assen* Mike Assen 11970
CEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following oject:

ATE: 10-6-05   SIGNATURE/PRINT NAME & Staff ID # *N. Martinez* #4/02
CEIPT: I acknowledge receipt this date of a response from the Department of Corrections to this grievance.

ATE: 10-24-05   OFFENDER SIGNATURE/PRINT NAME & DOC # *DRD* 108801

inal: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

x 62

*Medical*

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

Grievance Number  C-Ctcs/06-088    STEP (Circle One) 1 2 3    ADA? Yes ☐ No ☐

| NAME  Dean R. Denton | DOC NO. 108801 | FACILITY  C.T.C.F.-7 |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Remedy:**

ON 8/15/05, I was seen by Connie Batson N.P. whom I saw because Greg Robinson was not at the medical facility the day I was scheduled. Connie Batson went over a lot of problems I have and as we spoke about the pain I am having in my hand due to a large bone cyst or screw coming lose. The matter has two different Radiology reports within weeks of each other. Because I had seen Dr. Go, at C.M.H.I.P. for my hand and his diagnosis was incomplete without further review of my Ortho Files on my hand which are at the State Hospital C.M.H.I.P. from when a Dr. Stark Ortho Doctor saw me and removed the Hardware out of my hand accept one screw. Dr. Go, has documented that he needed to review all my Ortho Hand Records. Connie Batson and I filed out a Release of Information that was specific in the wording that we were requesting Ortho Notes to include surgeries, tests, labs. . & M.D. Notes from the Ortho Doctor Stark. I was specific in that I would only approve Ortho records only. Upon my review of my medical file. I noticed that the C.M.H.I.P. had sent numerous files on my stay there with a summery of my crime and daily records of my stay in the units that had nothing to do with any Ortho records. I also noticed many other documents that were not related to Dr. Stark's Ortho notes. In showing Dori Martinez that they had records in my file that I did not approve them to have in the specific's of the request we requested from C.M.H.I.P.. I advised Dori Martinez Med REcords that I had not signed any document allowing the Prison Medical to obtain Mental Health Files from C.M.H.I.P. and that they had no right to these records and placed a marker in the areas I did not approve or sign permission for them to have. Dori Martinez said she would ask Connie Batson to the facts. I was called down to Medical later in the day and Dori Martinez said she had asked the Nurse Practitioner about these records and was told they being kept. I then asked that all these illegal records be removed from my file as I do in this grievance.

| DATE: 9/14/05 | OFFENDER SIGNATURE | [signature] |
|---|---|---|
| DATE RECEIVED: | RESPONDING STAFF SIGNATURE & ID | |

**RESPONSE**

9-19-05: I reviewed my note from 8/15/05, the release of info form from 8/15/05 & the records received 8-25-05. Requested was H&P, discharge summary, procedure note; & #1448-any orthopedic note to include surgies, tests, labs, MD notes". I see no information received that did not fall within this request. In addition, while Mr. Denton is unhappy that psych information was included — it was never excluded in the request. Furthermore — medical note related to his pain & orthopedic problems was included in his psych notes. Any information related to his pain & orthopedic problems was forwarded to Dr Go per our discussion & while I am sorry Mr Denton 108801 is unhappy; his grievance is denied.

If you are dissatisfied with the response to this grievance, you may either request further review by submitting the next step to the appropriate individual.

| DATE: 9-19-05 | SIGNATURE/PRINT NAME & STAFF ID #  C Batson FNP-C / C Batson FNP-C #8142 |
|---|---|
| RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject: | |
| DATE: 9-16-5 | SIGNATURE/PRINT NAME & STAFF ID #  [signature] 0817 |
| RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance. | |
| DATE: 10-3-05 | OFFENDER SIGNATURE/PRINT NAME & DOC #  [signature] |

Original: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2862 S. Circle Drive, Suite 140
Colorado Springs, CO 80906-4122

April 27, 2006

RE: Grievance #C-CT05/06-033 (FCF)

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to medical code.

In review of this matter I find that you have been medically evaluated by providers at CTCF. I cannot second guess the medical, professional opinion of those providers at CTCF regarding your M-code, as I am not a medical professional. Your treatment appears to be adequate and appropriate for your condition. You may however request a private physician appointment at your expense, if approved, per AR 700-21. I do not find that DOC was or is deliberately indifferent to your medical condition and therefore I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender Records

C-Ctrs/06-033

C-CT-05/06-033    COLORADO DEPARTMENT OF CORRECTIONS  OFFENDER GRIEVANCE FORM    DC FORM 850-4A (06/04)

| Grievance Number | STEP (Circle One) 1 2 ③ | ADA? Yes ☐ No ☐ | |
|---|---|---|---|
| **NAME** Dean R. Denton | **DOC NO.** 108801 | **FACILITY** C.T.C.F. / _U-7 | |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

Yes most people would be happy if their (M)-cade changed IF- they received some sort of treatment that cured or fixed the extreme Pain I live in. Instead I have had all Pain Meds taken from me as well as Motrin that I was to receive as an alternate medication during the staffing I attended. During this staffing Dr. Neufeld documented that I am diagnosed with Intractable Pain, correlating with the many doctors I have seen while in prison and prior. The facts are I have a failed back surgery, Numerous "Facets" attached to my spine were sawed off and the whole area was fused with chips out of my hip. This matter is specific in that these surgeries failed leaving me in Chronic Intractable pain. In addition I am forced to work which has re-started a large Bone Growth on my hand were the hardware was removed with a screw still in my hand. So far Medical has sent me to a hand Doctor whom has two different radiologist's access-ments. When I arrived in incarceration I had just had a hearing held with S.S.D.I. whom did the reviews of all my medical records and determined me never to work again and fully disabled. D.O.C. headquarters set up meatings with my family and had me sent to a Pain Specialist whom was suggested by their own Neurologist. These matters do not follow consistency to the (M-4) I was assigned to due to the above mentioned problems. In truth Mental Health or Case Manager requested that my (M-4) status be reduced thrugh review of my file by the new P.A.'s and doctor. I have limited mobility as defined in the Montez suit and my (M-4) status should remain (M-4) due to Failed Back Surgery,, and other medical problems prior to my seing the Lung Dr. Keep (M-4)

| DATE: 9/1/05 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

**RESPONSE**

f you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 9-20-5 | SIGNATURE/PRINT NAME & Staff ID # De Cone ti 81) |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

riginal: Department File/AIC    Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)



DC FORM 850-4A (10/04)

# COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

C-CT-05/06-033

Grievance Number  C-0705/06-033   STEP (Circle One)  1 ②(2) 3   ADA? Yes ☐ No ☐

| NAME Dean Denton | DOC NO. 108801 | FACILITY C.T.C.F./- |
|---|---|---|

Instructions:
1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH A COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

**Subject of Grievance and Requested Remedy:**

This matter of my M-4 status being lowered to a M-3 was not proper. The note in file by Greg Robinson reads Permanate M-4 reduced to a Permanate M-3 The M-4 was placed in my restrictions or medical level due to the fact I have Failed Back Surgeries, Shoulder Surgery failed, and over Five surgeries on my hand that all these matters keep me in extreme pain diagnosed during Staffing by Dr. Neufeld as Intractable Pain. Diagnosed prior to my incarceration as, "Chronic Intractable Pain" I was considered totally disabled by S.S.D.I. for the fact I live in pain. I am unable to walk 100 yrds without a kane. My legs go out on me, and The D.O.C. medical has sent me to Pain Specialist three times who said to keep me on Methadone. I have been told that I needed a M.R.I. to see what damage is still present in my back. The M.R.I. was scheduled and approved payment through Colo. Access, but stopped. There is nothing that says I do not need surgery. The facts are I am being refused all mannerism's of care for many Chronic Conditions of Intractable Pain. My Chart was reviewed 7/15/05 & 7/28/05 but since the review I was sent to see the Lung Doctor who said I had more bad problems than the D.O.C. providers. Therein the statement of "Asthma Controled" is incorrect and has been.   The only reason the M-4 Status was lowered was to have me moved to another facility. I am forced to work or be wrote up, but have to work in severe pain while denied the pain medications that D.O.C. sent me to a specialist for. I was told by M.H. that M-4's could be moved to Arrowhead for (16-months). Since they lied it should not be covered up through medical who has no say in my M.H. needs. I request M-4 Status Returned and treatment as a M-4

| DATE: 8/11/05 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED: | RESPONDING STAFF SIGNATURE & ID |

**RESPONSE**

Most people would be happy that their M code had improved. It Does NOT Necessarily change Future care. Your medical problems are being Addressed And treated. "chronic pain" does NOT Always mean that you are M4 status. Review of your Records indicates that you are seen on A Regular Basis.   This grievance is denied.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 8/10/05 | SIGNATURE/PRINT NAME & STAFF ID # Mike AASen 11975 |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 8-17-5 | SIGNATURE/PRINT NAME & STAFF ID # Clements 6817 |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 8-31-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # 108801 |
|---|---|

Original: Department File/AIC      Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

+66

*Medical*

**COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM**

Grievance Number  C-CTO5/06-033

STEP (Circle One) ①2  3  ADA? Yes ☐ No ☐

| NAME | DEAN R. DENTON | DOC NO. | 108801 | FACILITY | C.T.C.F. U-7 |
|------|----------------|---------|--------|----------|--------------|

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

This grievance is in reference to Medical / Greg Robinson changing my medical restrictions from a (M-4) to a (M-3) reducing my medical status in corroboration with the Case Manager Evans and Mental Health Sex offender treatment providers Patty Sojack and Rich Lins to have the medical needs scale lowered for unmedical reasons, but instead lowered medical restriction levels to be moved to another facility. These actions are that these parties named have coerced my medical care and status, to accomodate my being moved to a facility that does not provide the adequate medical care that I have been diagnosed with and why I am a (Medical -4) through the standards set in the medical requirements. Lowering my Medical Level was not a randome event, but coerced by these parties. I have seen this same P.A. Greg Robinson whom advised me that he was to keep my restrictions and levels the same only a month ago. P.A. Greg Robinson has not evaluated me for my pain condition ever. He never saw me for a medical examination to assur what medical status could be lowered, nor has P.A. greg Robinson reviewd my files (#1) & (#2), for actual information that concerns my disabilites and restriction levels in why they were put at (M-4) and the past Medical head Doctors that ran D.O.C. Medical prior to Greg Robinson's being hired. Therefore I request to have my (M-4) reinstated as appropriately placed prior, NOT COERCED!

| DATE: 7/28/05 | OFFENDER SIGNATURE | *DRD* |
|---------------|--------------------|-------|
| DATE RECEIVED 8/4/05 | RESPONDING STAFF SIGNATURE & ID: | *Eric Cadaver 19c* |

**RESPONSE** *DENIED*

My status lowered to M-3 status on 7-15-05 Reasons

(1) Reactive airway Disease (asthma) Controlled

(2) Hepatitis C - no treatment at this time

(3) Back pain - no surg Required

(4) Client was again screened by another Provider on 7-28-05 Coordination M-3 Remains

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual. M-3 Remains

| DATE: 8-4-05 | SIGNATURE/PRINT NAME & Staff ID # | *Eric Cadaver 19c* |
|--------------|-----------------------------------|--------------------|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 8-1-5 | SIGNATURE/PRINT NAME & Staff ID # | *CC Conelli 6817* |
|-------------|-----------------------------------|-------------------|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 8-8-05  8-9-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # | *DRD* 108801 |
|----------------------|---------------------------------------|--------------|

Original: Department File/AIC       Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

# Anthony A. DeCesaro

GRIEVANCE OFFICER
2862 S. Circle Drive
Colorado Springs, CO 80906-4122

April 13, 2006

RE: Grievance #C-CT04/05-453  *(FCF)*

Dear Mr. Dean Denton #108801:

I have reviewed your Step 3 grievance that you filed with regard to medical co-payments and chronic care issues.

In review of this matter it is my finding that whenever an offender submits a kite to be seen by medical and an appointment is scheduled as a result of that kite, then a co-payment charge of $5.00 is appropriate per AR 700-30. If however a provider schedules the appointment, then it is considered a follow-up appointment and no charge normally applies. For chronic care conditions, if you have an acute flair-up to a recognized chronic condition you are still charged a $5.00 co-payment. The chronic care six-month charge is for chronic care clinics and on-going education, not acute treatments. You submitted the two kites for appointments based upon the recommendation of Dr. Aasen, however you would still have been charged even if you were seen by Dr. Aasen, because the charges are based upon appointments, which were scheduled in response to your kites. Only appointments scheduled by the providers can be coded as follow-ups or chronic care clinics. I find these charges to be legitimate in this instance. Based upon the foregoing I cannot recommend any relief in this matter.

It is your burden to prove the allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden. There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Enclosed please find the following copies of all the materials you provided to me in support of the grievance that you filed: Step 1 Grievance, Step 2 Grievance, and Step 3 Grievance.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file
    Tom Kolle, Offender Records

*medical*

C-Ct-04/05-453        COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

C-Ct-04/05-453

Grievance Number        STEP (Circle One) 1  2  ③    ADA? Yes ☐ No ☑

| NAME  Dean R. Denton | DOC NO. 108801 | FACILITY  C.T.C.F.  U-7 |
|---|---|---|

Instructions:

1.    FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2.    CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3.    STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4.    ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

This Matter has been specifically addressed in the step's One & Two to the actual facts. I am on a Chronic Care Pay and was seen as Chronic Care for my Lungs by Dr. Aasen. It does not become my fault that Dr. Aasen has been moved to the infirmary. He prescribed me the medication that made me sick and informed me if I had any problems then to send him a kite. I directed the kites to Dr. Aasen each of the two times I sublitted kites trying to advise him that I was having a reaction to the medication "Prednazone". Because the medical staff did not give the kites to Dr. Aasen as complications to his orders is not my fault either. Lung Problems are serious and the mannerism in which I was denied to see Dr. Aasen as a followup under Chronic Care Complications is just complete miscomunication or negligence on medical's part. I should not be charged for side affects treated by another provider that does not have a clue to the need for follow-up care for complications or that Dr. Aasen advised me to let him know if I had any complations. The facts are strictly about money and no care is given to the Chronic Care ordeal I am dealing with here. This matter requires that I receive the ($10) dollars back that was taken for the two different trips I had to make back to Medical due to Medication Complications Dr. Aasen should have followed up with in the first place. Return the money to my account.

| DATE:  8/17/05 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE



If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: | SIGNATURE/PRINT NAME& Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 8-22-5 | SIGNATURE/PRINT NAME & Staff ID #  C Clementi 681 |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original:  Department File/AIC        Copies:  Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

*-6⁹*

C-CT-04/05-453
~~C-C-4/05-453~~

DC FORM 850-4A (06/04)

COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

| Grievance Number | STEP (Circle One) 1 (2) 3 | ADA? Yes ☐ No ☑ |
|---|---|---|

| NAME Dean R. Denton | DOC NO. 108801 | FACILITY C.T.C.F. / U-7 |
|---|---|---|

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy:

Again Dr. Aasen put me on (Prednazone 60Mgs) for (7) days. I became severely sick upon the tapper process and placed a kite in to Dr. Aasen telling him I was having complications from the medication. I was not seen by Dr. Aasen, but Christen Miller who did not help me. I again placed in a kite stating that I was sick for the (Prednazone). This time I was seen by Greg Robinson and told no charge to the fact it was a followup to the complications to the medication. Dr. Aasen has always told me that if I had any problems to let him know. I tried twice to advise him of the complications and being sick from the (Prednazone), but was refused to see Dr. Aasen ans charged ($5) two times which I was not to pay for the fact I was not allowed to see Dr. Aasen. Both PA's knew the sickness occurred from the (Prednazone) Dr. Aasen gave me and advised me to contact him of any problems. I request the ($10) dollars be replaced on my inmate account. The matter was complications due to Dr. Aasen's medication, and I was refused to see him for the sickness the meds caused. Medical should have not charged me as greg Robinson said he would not, due to it being a follow-up to the medication sickness. Please return my ($10)-dollars
-----------------------------------------------------------------

| DATE: 7/29/05 | OFFENDER SIGNATURE |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE All the medical providers are knowledgeable. You can not pick + choose who you are seen by. You submitted a kite both times. We determine your follow-up needs. Charge appropriate. Grievance denied.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 8/9/05 | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 8-2-5 | SIGNATURE/PRINT NAME & Staff ID # |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 8-15-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # | 108801 |
|---|---|---|

Original: Department File/AIC   Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1

C-CT04/05-453

COLORADO DEPARTMENT OF CORRECTIONS OFFENDER GRIEVANCE FORM

| Grievance Number | STEP (Circle One) 1 2 3 | ADA? Yes ☐ No ☐ | |
|---|---|---|---|
| **NAME** Dean R. Denton | **DOC NO.** 108801 | **FACILITY** C.T.C.F. u-7 | |

Instructions:

1. FILL OUT IDENTIFYING DATA LEGIBLY IN SPACE PROVIDED;
2. CLEARLY STATE BASIS FOR GRIEVANCE OR GRIEVANCE APPEAL;
3. STATE SPECIFICALLY WHAT REMEDY YOU ARE REQUESTING;
4. ATTACH COPY OF PRIOR STEP(S) AND RESPONSES IN GRIEVANCE PROCESS.

Subject of Grievance and Requested Remedy: I inmate Denton saw Dr. Aasen early in May-2005 and was put of prednazone for Chronic Care problems with my Lungs. After I took the medication for (7)-day and started the tapper process, I became extremely sick and have reactions to the process of the Predazone. I put in a kite to see Dr. Aasen, but was put in to see the P.A. Miller and wrongly charged ($5) on May 17th, 2005 for problems with the Chronic Care Medications I was put on by Dr. Aasen. In addition, I continued to have problems and put in another kite to see Dr. Aasen. I was again put in to see a P.A. Greg Robinson. The matter was discussed and concerned my breathing problems that are covered under the cronic care system. P.A. Greg Robinson even said that I would not be charged. I was charged another ($5) on May 26th, 2005 therein taking ($10) from me under conditions that they should not have. Dr. Aasen has always told me if I had a probmel with a medication to put a kite in to him and he would see me. I did kite Dr. Aasen twice and whomever gets the kites refused me to see him to handle the medical problem I was having that were under the chronic plan. It is requested I receive ($10) put back on my inmate accout since I was not to be charged for being refused to see the Doctor as he said to, and that the P.A. said I would not be charged due to it being a followup to a condition I saw the Doctor for. Please return my ($10)

| DATE: 6/17/05 | OFFENDER SIGNATURE: |
|---|---|
| DATE RECEIVED | RESPONDING STAFF SIGNATURE & ID: |

RESPONSE You submitted kite requesting to be seen both times and were scheduled with a provider. Inmates can not request providers they wish to see. Providers schedule/request follow ups and Chronic Care Visits. Providers also determine what is follow-up and what is Chronic Care and it is their responsibility to properly code Visits or make notes regarding follow-up or Chronic Care. Neither provider noted anything differently. Charges Appropriate. Grievance Denied.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| DATE: 6/29/05 | SIGNATURE/PRINT NAME & Staff ID: Mike Smith MW II #4012 Mike Longo |
|---|---|

RECEIPT: I acknowledge receipt this date of a complaint from the above offender in regard to the following subject:

| DATE: 6-22-05 | SIGNATURE/PRINT NAME & Staff ID # N. Martinez #9110 |
|---|---|

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

| DATE: 7-27-05 | OFFENDER SIGNATURE/PRINT NAME & DOC # |
|---|---|

Original: Department File/AIC        Copies: Working File, Administrative Head, Offender, Clinical Chart (clinical and ADA only)

Attachment "A"
Page 1 of 1